SADIE RUCKER ET AL. v. SHERMAN OIL AND COTTON
COMPANY ET AL.

Decided May 14, 1902.

**1.—Negligence—Electricity—Uninsulated Wire.**
Where a lineman engaged at work on an awning in front of a store, assisting in erecting a pole, was killed by coming into contact with an uninsulated wire belonging to defendant which was strung over the awning, it was admissible to prove in an action for causing his death that the awning had frequently been used by persons going on the roof to repair and paint the awning, to paint the walls of the building, and to put in telephone connections, as this raised the question of negligence on defendant's part.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Hazlewood, Smith & Tolbert* and *Galloway & Templeton,* for appellants.

*Head & Dillard, A. L. Beaty,* and *Moseley & Smith,* for appellees.

FLY, ASSOCIATE JUSTICE.—On September 22, 1900, W. S. Rucker, the husband of Sadie Rucker, father of Edward Rucker, a minor, and son of M. C. Rucker, was killed by coming in contact with an uninsulated wire charged with electricity, belonging to the Sherman Oil and Cotton Company, while at work on an awning in discharge of his duties as a lineman in the employ of the Electrical Installation Company, which had a contract for the erection of poles and wires and the installing of an electric plant for the Denison & Sherman Railway Company.

Appellants sued the companies above named, who are appellees herein, to recover damages resulting from the death of W. S. Rucker. The court after hearing the testimony instructed the jury to return a verdict for appellees.

There was no evidence of negligence on the part of the installation company and the railway company. The evidence disclosed that the uninsulated wires of the Sherman Oil and Cotton Company were stretched above an awning of a business house at such a distance that deceased, while engaged in holding a pole so as to guide it through a hole in the awning as it was being placed in the ground by his fellow laborers, came in contact with a wire heavily charged with electricity and was instantly killed. The awning on which deceased was killed was covered with corrugated iron and was attached to the storehouse as a protection against sun and rain to those on the sidewalk.

Appellants offered to prove, however, that the awning "had been frequently used by persons going on the roof to repair and paint the awning, to paint the walls of the building, and to put in telephone connections," but the testimony was rejected by the court.

Under the decision in the case of Light and Power Co. v. Lefevre, 93 Texas, 604, the court did not err in instructing a verdict for appellees under the facts admitted in evidence, and the question is presented as to whether the admission of the rejected evidence would have made a case that should have been presented to the jury for determination.

In the Lefevre case there was no proof that the "awning was ever used as a place of resort or for any purpose whatever by persons going on top of it," and the failure to make such proof seems to be the turning point in the case, and the clear inference from the repeated declaration that such evidence was lacking is that had such evidence been introduced the decision would have been different.

With the proof before the jury that was rejected by the court, a question of fact as to whether the oil and cotton company might have reasonably foreseen that some person might come in contact with the exposed wires was raised and the case should have gone to the jury. All the uses that were made of the awning, except those made of it by trespassing boys, were ones that might have been reasonably anticipated, and if the company owning the wires knew or should have known that the awning was put to such uses, it would be liable for damages caused to anyone lawfully on the awning, whether he was using it for the purposes that the others did or not. The fact that persons went on the awning for certain lawful purposes, put the oil and cotton company on notice that others might go there for other lawful purposes. "A company maintaining electrical wires over which a high voltage of electricity is conveyed rendering them highly dangerous to others, is under the duty of using the necessary care and prudence at places where others may have the right to go, either for work, business, or pleasure, to prevent injury. Joyce on Elec. Law, sec. 445, and authorities cited; Overall v. Light Co., 47 S. W. Rep., 443; McLaughling v. Light Co., 37 S. W.

Rep., 856; Schweitzer v. Electric Co., 57 S. W. Rep., 830; Perham v. Electric Co., 40 Law. Rep. Ann., 799.

. There is nothing in the evidence that indicates that deceased was a trespasser on the awning, but on the other hand it may be inferred that he was there with the implied permission of the owner and engaged in the lawful prosecution of his work. As said by the Supreme Court of Louisiana in Clements v. Electric Light Company, 16 Lawyers' Reports Annotated, 43, if the wire "passed over a roof to which people in adjoining rooms had access, and where, in course of time, mechanics must go to make repairs, or laborers to sweep off or clean, it was the duty of the company, independent of any statutory regulation, to see that their lines were safe." The fact that workmen had freequently gone on the awning to make repairs and that telephone employes had gone there to make connections was proof that it was a place where people went for business, and raised the question of negligence on the part of appellee that should have been submitted to the jury.

Appellee can not justify the peremptory instruction on the ground that it did not know that the persons in question had gone upon the awning, and neither is the position tenable that while it may have known that painters and telephone employes may have gone there it had no reason to anticipate that a lineman would go there. The question of knowledge was one that might be inferred from the fact that the employes went there, and if it owed a duty to them it owed a duty to anyone there in the lawful prosecution of his business.

The judgment is affirmed as to the Electric Installation Company and the Denison & Sherman Railway Company, but is reversed as to the Sherman Oil and Cotton Company and the cause remanded for another trial.

*Reversed and remanded.*