## STANDARD LIGHT AND POWER COMPANY ET AL. v. CECILIA L. MUNCEY.

### Decided November 7, 1903.

**1.—Parties—Bondholders—Unincorporated Association.**

Plaintiff brought an action for personal injury causing death against the D. Electrical Co. and its receiver, and also joined as defendants the "Bondholders of the D. Electrical Co.," alleging that the latter was a foreign association, or acting association, composed of numerous nonresident persons whose names were unknown. An answer was pleaded for the bondholders in the name by which they were sued, and judgment was rendered against them by such designation, no individual being named. The evidence showed that a number of bondholders of the electrical company had appointed a committee to look after the expenditure of certain moneys in reconstructing the plant, and that this was being done under the direction of an agent at the time of the injury, but that the bondholders were not operating the electrical plant nor in control thereof. Held, that such association of the bondholders did not constitute a legal entity capable of being sued without making the members thereof parties to the action.

**2.—Same—Filing Answer—Plea in Abatement.**

It was immaterial that the "bondholders" had filed an answer in the case, and had not, by plea in abatement, raised the issue as to whether they were an association, since no issue could be made with a thing that had no legal existence.

**3.—Negligence—Electricity—Joint Defendants—Liability of Owner of Line.**

Where two electrical companies by agreement use the same poles, owned by one of them, and a lineman of the lessee company is injured through the negligence of the owning company in not having its wires properly insulated, such latter company is liable for the injury, and is not relieved of responsibility because of the failure of the other company to turn off all the electricity at the time, which it had the privilege and opportunity of doing.

**4.—Same—Corporations—Action for Death—Negligence of Agent.**

The failure to have the wires properly insulated was the negligence of the corporation itself, and not that of its subordinate agents such as would exempt it from liability for injury causing death.

**5.—Same—Charge—Burden of Proof—Harmless Error.**

Where the evidence showed that the negligence of the appellant company was the proximate cause of the injury, and that it was liable therefor, error in the charge on the burden of proof such as might have led the jury to believe that the negligence of its codefendant company would authorize a judgment against both defendants, was harmless.

**6.—Action for Death—Damages to Parents.**

A verdict for damages in favor of parents for injury causing the death of their son is not warranted where the evidence showed that the son had not since his marriage, contributed anything to their support, there being no necessity therefor, and that there was no reasonable expectation of their receiving further pecuniary benefit from him had he lived.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Etheridge & Baker,* for appellants.

*Holloway & Holloway,* for appellee.

RAINEY, Chief Justice.—Appellee, Cecilia L. Muncey, widow of Albert Muncey, brought this suit in her own behalf and for the use and benefit of George and Elsie Muncey, surviving parents of said Albert, for injuries causing the death of said Albert. The parties complained of were the Standard Light and Power Company, a corporation, Granville P. Meade, receiver thereof, E. M. Reardon, receiver of the Dallas Electric Company, and the Bondholders of the Dallas Electric Company. Proper allegations as to the appointment of the receivers were made.

As to the Bondholders of the Dallas Electric Company, it was alleged as follows: "That the defendant, the Bondholders of the Dallas Electric Company, is a foreign association, or acting association, composed of numerous persons who are nonresidents of Texas, whose names and places of residence are unknown to the plaintiff; that the affairs of said association or acting association are under the management of a certain bondholders' committee, as hereinafter more fully set out, said committee being composed of one or more persons, nonresidents of Texas, whose names and places of residence are unknown to the plaintiff; that A. K. Bonta, who temporarily resides in Dallas County, though a nonresident of Texas, is the general manager and local agent within this State of said association, and is the duly authorized representative of said association and of said bondholders' committee.

"For cause of action, plaintiff claimed that on May 30, 1901, her husband, Albert L. Muncey, was in the employ of E. M. Reardon, receiver, engaged in constructing and repairing the electric wires used by said receiver in furnishing light and electric power to the citizens of the city of Dallas. That while so employed, and in the course of his duties in such employment, he ascended a pole upon which the wires were suspended, and while engaged in the work on said pole, came in contact with live wires belonging to the Standard Light and Power Company on said poles, which contact caused his death.

"She claimed that the said receiver was liable for the death of her husband, in that he had unnecessarily exposed her husband to the risk out of which his death ensued, and had failed to avail himself of certain means provided, whereby said wires could have been made safe.

"As an alternative averment, the plaintiff alleged that, if her said husband was not in the employ of the said Reardon, then he was in the employ of certain bondholders of the Dallas Electric Company, which bondholders had committed the management of their interests in the Dallas Electric Company into the hands of a certain committee of their number. That said committee employed and empowered one A. K. Bonta to take charge of certain work of improvement and reconstruction of the plant of the Dallas Electric Company, and the claim was made that said bondholders, acting through said bondholders' committee, and they acting through A. K. Bonta, had employed the said plaintiff's husband, and that the latter was killed while in the employ of the said bondholders, and by reason of the negligence of the said bondholders, their committee, and the said Bonta and their other officers and agents.

"Plaintiff joined the Standard Light and Power Company on the theory that that company owed plaintiff's husband the duty of keeping certain wires which belonged to that company, and which were strung upon a pole upon which plaintiff's husband was working at the time of his death, well insulated and properly placed on said poles, so that same might be safe for plaintiff's husband to work in and around and over same, and it was claimed that said defendant had failed to discharge the duty so owing by it to the deceased.

"Granville P. Meade was sued as receiver of the Standard Light and Power Company, it appearing that he had been appointed receiver subsequently to the alleged negligence of the company, which occasioned the death of the said Muncey.

"The plaintiff recovered judgment against the alleged Bondholders' of the Dallas Electric Company, without naming them, and against the Standard Light and Power Company. Judgment was rendered in favor of the two receivers, and no cross-appeal is prosecuted by plaintiff from the judgment in favor of said receivers. The bondholders and the Standard Light and Power Company have duly perfected this appeal, and now here prosecute the same."

The contention of the bondholders is that the allegations of plaintiff's petition and proof show that there was no such an association or acting association, but if so, the individual members thereof not having been made parties to the suit, the court should not have rendered judgment against the Bondholders of the Dallas Electric Company.

No one of the bondholders was made a party to the suit. Citation was had upon A. K. Bonta, who was selected by a committee appointed by the bondholders to represent them in the work of reconstructing the property. An answer was filed by the "Bondholders of the Dallas Electric Company." No one of the bondholders appeared or answered. The only testimony produced on trial tending to show the bondholders to be an association is that of Henry Coke and A. K. Bonta.

Henry Coke, a witness for plaintiff, testified: "I do not know, but am satisfied, that all of these Bondholders of the Dallas Electric Company are nonresidents, and their headquarters, I think, is in Boston, and most, if not all of them, citizens of Massachusetts. I am satisfied none of them are residents of Texas. I know several of the bondholders personally. My recollection is that they are numerous. I filed a bill in equity in the United States Circuit Court for the Northern District of Texas, as attorney for the trustees of the bondholders, for the foreclosure of their mortgage upon the properties of the Dallas Electric Company. After the filing of the bill, the bondholders, through a committee chosen by them, concluded that it was to their interest to expend some money in the reconstruction of the plant. That committee was Robert T. Payne and Robert T. Platt. I do not remember the terms of the agreement by which the trustees were appointed, but I think under the terms of the agreement one could resign and another be appointed. The personnel of the committee has been changed several times. The

only connection that either the bondholders or the bondholders' committee had, either directly or indirectly, with the Dallas Electric Company, was in spending some money in trying to improve its condition. A. K. Bonta came here to superintend the expenditure of the money. The bondholders were in no sense the owners of the plant. They were not operating it, but with the permission of the receiver, appointed by the United States Circuit Court, they expended their money in improving it."

A. K. Bonta, a witness for defendant, testified: "I am in the employ of the Bondholders of the Dallas Electric Company, having been in charge of all reconstruction work done by the bondholders on the plant since March 1, 1901. Something in the neighborhood of $300,000 has been expended in reconstruction work on the plant. The work was in progress May 30, 1901. Charles Eames had charge of the reconstruction work of the plant for the bondholders in May, 1901. I had charge of the reconstruction after Eames, which was some time after May 30, 1901. On May 30, 1901, John Woods was the foreman of the gang in which Muncey was working. John Woods was under the direction of Charles Eames. Muncey and the others in the gang in which he was working were working for the Bondholders of the Dallas Electric Company."

We think it immaterial whether or not, in legal contemplation, there was an association. The petition alleged that the bondholders were an association, and the "Bondholders" having answered in that name, they are not in a position to question it. But if it should be conceded that the "Bondholders" is an association, the pertinent inquiry is: Did it constitute such a legal entity as rendered it capable of being sued as such without making the members thereof parties to the action?

Associations and joint stock companies "are uniformly held in the United States to be partnerships, subject to be sued as such, and governed by the laws fixing partnership responsibility." Industrial Lumber Co. v. Texas Pine Lumber Co., 31 Texas Civ. App., —, 72 S. W. Rep., 875, and authorities there cited. The only distinguishable feature is that "death or withdrawal of one or more members does not affect a dissolution, and the stock can be bought and sold without affecting the integrity of the concern." Id.

The general rule is, in the absence of statutory provisions, that "suits by or against unincorporated concerns must be brought in the name of or against all the members." 2 Cook on Corp., sec. 508; 4 Cyc. of Law and Prac., p. 313; Enc. of Pl. and Prac., 22, 242.

An exception in equity to this rule is that where the parties are numerous, or it is impracticable to make all parties, it is not necessary to make all parties, but it is sufficient to make enough parties to protect the rights of the association. Gorman v. Russell, 14 Cal., 531; Van Houten v. Pine, 36 N. J. Eq., 133.

In some of the States statutes have been enacted which permit actions to be brought against incorporated associations by its common name.

But no such statute exists in this State, from which it follows that the common law rule must prevail in this State, with the equitable exception as stated.

As before stated, unincorporated associations are subject to and governed by the laws of partnership, except as to dissolution by death or withdrawal of one or more of its members and the buying and selling of stock. In the case of Frank v. Tatum, 87 Texas, 204, where a suit was attempted to be maintained against a partnership, Justice Brown, speaking for the Supreme Court, said: "It is a general rule that suits in courts can only be maintained by and against persons, natural and artificial, that is, individuals or corporation. * * * Unless otherwise provided by statute, a copartnership is not considered a person, and must sue and be sued by its members," citing a long list of cases, and it was there held, some of the members of the firm having been dismissed, the court had "no authority to enter judgment against the partnership or its property."

Appellee seeks to obviate the force of this rule by the fact that an answer was filed by the bondholders, which gave the court jurisdiction to render judgment against the association, and argue that the right thereunder is a matter for consideration when it is attempted to be enforced. Also, that if the members deny they are an association, the issue should be raised by plea in abatement and plaintiff given a better writ· by stating the nature of the organization and the names of the members. This is the general rule as to nonjoinders or misjoinders of parties, but we think it has no application here. The plaintiff was seeking a judgment against a nonentity, incapable of suing, and against which the court had no authority to render judgment, and an answer of such a nonentity conferred no further authority upon the court, as in contemplation of law nothing was sued and nothing answered. "No issue could be made with a thing that has no legal existence." Frank v. Tatum, supra.

The foregoing view being adverse to a recovery against the "Bondholders," renders unnecessary a consideration of the other assignments of error presented on behalf of said "Bondholders," and we will now consider the assignments presented by the Standard Light and Power Company. The evidence discloses that both the Standard Light and Power Company and the Dallas Electric Company were operating electric plants in the city of Dallas. The wires of both were strung upon the same poles, the poles belonging to the Standard Light and Power Company, which were used by the Dallas Electric Company by permission of the said Standard company. The "Bondholders of the Dallas Electric Company," desiring to reconstruct the plant, obtained permission of E. M. Reardon, receiver, to do so. They appointed a committee to prosecute the work, which committee appointed A. K. Bonta to represent the "Bondholders" in the work of reconstruction. Albert L. Muncey was in the employ of the said bondholders when he was killed. In the reconstruction it was understood between the two companies that

the Dallas Electric Company should place new poles, to which each company should transfer its own wires. The wires of the Dallas Electric Company were being transferred when said Muncey, an employe of said committee, who was engaged in that work, ascended one of the poles of the said Standard company, and, coming in contact with one of its uninsulated wires, was killed by the electric current with which that wire was charged by the said Standard company. Previous to this the Standard company had arranged an appliance by which the current could be cut off, and had given permission to the Dallas Electric Company to cut off the current when working on the wires, but the Dallas Electric Company had negligently failed to have this done before Muncey was ordered to ascend the pole. The Standard Light and Power Company was negligent in failing to have its wires properly insulated, which caused Muncey's death. Muncey was an experienced lineman, and the evidence is conflicting as to his use of proper care at the time he was killed. The evidence is sufficient to support the jury's finding that he was not guilty of contributory negligence.

The first contention of the Standard company that we will notice is, that Muncey not being in the Standard company's employ, it owed him no affirmative duty to protect him from harm, hence no liability attaches to it for his death. To this contention we can not subscribe. The Standard company was dealing with a dangerous element with which to operate its plant, and it required care to prevent injury to those who came in contact with its wires. When the Standard company agreed that the Dallas Electric Company should string wires along its poles, it knew, or ought to have known, that the employes of the Dallas Electric Company, in repairing or reconstructing the plant, would, of necessity, come in close proximity to, and probably come in contact with, its wires, and injury might result to them thereby. The agreement to permit the Dallas Electric Company to use its poles was an invitation for that company to place its employes at work in repairing or reconstructing the line, and the duty was thereby imposed upon the Standard Light and Power Company to use ordinary care to prevent such employes from being injured by defective wires. It failed to perform this duty in not keeping its wires properly insulated, which caused the injury, and it is therefore liable.

It is insisted that the court erred in refusing to give to the jury a special charge asked by the Standard Light and Power Company to the effect that said company would not be liable if it had put in a box or contrivance whereby the current could be shut off from its wires, and the employes of the Dallas Electric Company, or of the receiver of said company, or of any of the "Bondholders," failed to make use of said contrivance to shut off said current.

Under the circumstances the Standard Light and Power Company owed to the deceased the duty to use ordinary care to have its wires properly insulated to prevent injury to him, and it would not be relieved of responsibility for failure to perform that duty, though the employes

of the Dallas Electric Company were negligent in failing to cut off the current, unless deceased knew of such failure and was guilty of contributory negligence. The defective wires was the proximate cause of the injury, although the failure of the Dallas Electric Company people to cut off the current may be considered a concurring cause. It can not be said that the failure to cut off the current by the Dallas Electric Company's employes was such an intervening cause as would protect the Standard Light and Power Company from liability.

The proposition that a private corporation, if liable for death injuries, is only liable for its "immediate personal acts," and not for the negligence of its subordinate agents, etc., has no application here. The act upon which the liability of the Standard Light and Power Company is predicated, was the negligence of the said company in failing to keep its wires properly insulated. This was a duty that devolved upon said company itself, and the evidence shows that it failed to exercise ordinary care to perform that duty. This duty was incident to the ownership and operation of the plant, and nontransferable. Cole v. Parker, 27 Texas Civ. App., 563, 66 S. W. Rep., 135; Waters Pierce Oil Co. v. Davis, 24 Texas Civ. App., 508, 60 S. W. Rep., 453; Lynch v. Telegraph and T. Co., 32 S. W. Rep., 776; Rucker v. Oil Co., 29 Texas Civ. App., 418, 68 S. W. Rep., 818.

Complaint is made of the following paragraph of the court's charge, to wit: "The burden of proof is on the plaintiff to show by a preponderance of the testimony that the defendants, or one of them, was guilty of negligence which resulted directly in the death of the deceased."

The contention is made that this charge "is confusing and tends to lead the jury to believe that the negligence of only one of the defendants authorized a judgment against both defendants." There is force in this contention; but conceding the charge to be error, it will not cause a reversal, because the facts indisputably show that the Standard Light and Power Company failed to use ordinary care in maintaining properly insulated wires.

The verdict is attacked for awarding to George Muncey and Elsie Muncey, parents of deceased, $1000 each, the contention being that the proof shows that deceased did not contribute anything toward their support, and there was no proof of their receiving any pecuniary benefit from a continuation of his life.

We are of the opinion that this objection is well grounded. The evidence shows that after deceased married he contributed nothing to the support of his parents, and that there was no necessity therefor, and there is no evidence to show that they had any reasonable expectation of receiving any pecuniary benefit from him thereafter, had he lived. The relationship itself does not give a right of recovery. It must be shown that they have sustained some pecuniary loss by the injury, upon which the jury could legally base a verdict. Missouri P. Railway Co. v. Henry, 75 Texas, 220; St. Louis, A. & T. Railway Co. v. Johnston, 78 Texas, 536. We have carefully considered the other assignments of error presented

by the Standard Light and Power Company and conclude they are not well taken.

We dispose of the cause as follows: The judgment as to the receivers is affirmed. The judgment as to the "Bondholders of the Dallas Electric Company" is reversed and remanded, and the judgment as to the Standard Light and Power Company will be reversed and remanded, unless plaintiff will within twenty days enter a remittitur of the $2000 apportioned to George and Elsie Muncey, in which event it will be affirmed.

*Affirmed in part; reversed and remanded in part.*

Writ of error refused.