## SOUTH SHORE GAS AND ELECTRIC COMPANY *v.*
## AMBRE ET AL.

[No. 6,303. Filed February 23, 1909. Rehearing denied June 11, 1909. Transfer denied October 26, 1909.]

1. PLEADING.—*Complaint.*—*Motion in Arrest of Judgment.*—A complaint is sufficient on a motion in arrest of judgment if it states facts sufficient to bar another action for the same cause. p. 437.

2. TRIAL.— *Interrogatories.*— *Conflict.*—*Presumptions.*—Conflicting answers to interrogatories nullify one another; and all reasonable presumptions are indulged in favor of the general verdict. p. 437.

3. TRIAL.—*Interrogatories.*—*Answers.*—*Evidence.*—The interrogatory "Was there any practicable method of insulating said wires of the electric company at said time and place which would have prevented the escape of a current of 2,300 volts into a bare grounded wire touching said insulated wire?" is capable of being answered by the jury, whatever the evidence is, but failure to require such answer does not of itself constitute reversible error. p. 438.

4. TRIAL.—*Interrogatories.*—*Answers.*—*Evidence.*—The answer, "No positive evidence," to an interrogatory requiring the jury to name the wires carrying electricity upon a certain cross-arm, is incorrect, where two witnesses testified positively as to the number. p. 438.

5. TRIAL.— *Interrogatories.*— *Answers.*— *Evidence.*— The answer "No" to the interrogatory "Did plaintiff up to the time of his injury know that insulation in practical use would not prevent the escape of a 2,300 volt current, if it were grounded?" is not supported, where the plaintiff testified that he knew an insulated light wire carrying 300 volts was dangerous and that it depended upon the current whether the insulation would prevent an escape thereof. p. 438.

6. TRIAL.—*Interrogatories.*— *Evasive Answers.*— *Inconclusive Evidence.*—Where the evidence in a case is inconclusive, and the answers to the interrogatories unwarranted and evasive, a new trial will be ordered. p. 440.

7. TELEGRAPHS AND TELEPHONES.— *Insulating Wires.*— *Electric Lights.*—An electric light company using the lower arm on a telegraph pole, is liable to a servant of the telegraph company using the upper arm, for its failure properly to insulate its electric light wires, resulting in injuries to such servant. p. 440.

8. TRIAL.—*Pleading.—Evidence.*—A recovery can be upheld only where the evidence supports the allegations of the complaint. p. 441.

From Laporte Superior Court; *Charles H. Truesdell,* Special Judge.

Action by August Ambre against the South Shore Gas and Electric Company and another. From a judgment on a verdict for the plaintiff for $4,750 against such electric company, it appeals. *Reversed.*

*L. L. Bomberger, V. S. Reiter* and *F. N. Gavit,* for appellant.

*Peter Crumpacker* and *D. J. Moran,* for appellee Ambre.

COMSTOCK, P. J.—Appellee Ambre brought this action in the Lake Superior Court against the Postal Telegraph-Cable Company and the appellant, to recover damages for personal injuries received on August 31, 1904, while a lineman employed by the telegraph company, and while engaged in the line of his duty searching for trouble on a certain wire of said company carried on a line of poles used jointly by the telegraph company and the electric company in the city of Hammond. The lower cross-arms were used by the electric company and the upper cross-arms by the telegraph company. The trouble on the line was what is known as a "ground," which rendered the line useless for the transmission of messages beyond such point. The only way the plaintiff knew to test a "ground" at that point was to climb the pole, carrying a wire long enough to reach to the earth, and make a test by signaling the nearest telegraph station. While engaged in his work at that time and place he received a shock of electricity, which knocked him from said pole, resulting in the injuries complained of.

Upon affidavit of the telegraph company a change of venue was taken to Porter county, and upon the affidavit of plaintiff the venue was again changed to Laporte Superior Court, where the case was tried by jury. A general verdict was

returned in favor of the plaintiff and against the electric company, and in favor of the telegraph company for costs against said plaintiff. With the general verdict the jury returned answers to interrogatories. From the judgment against said plaintiff and in favor of the telegraph company an appeal was taken to this court, and at this term reversed. (See *Ambre* v. *Postal Telegraph-Cable Co.* [1909], 43 Ind. App. 47.) Appellant's motions for judgment *non obstante veredicto*, for a new trial, and in arrest were overruled, and judgment was rendered on the verdict against appellant.

These rulings are assigned as error.

The objections to the complaint are: (1) That it discloses no duty which the appellant owed to the appellee Ambre, the breach of which is charged to have been 1. negligence resulting in his injury; (2) that it does not charge that the failure of appellant to insulate the joints on its wires was the proximate cause of appellee's injury. Without commending the complaint, we are of the opinion that it is sufficient to bar another action for the same cause, and the defects are such as might be supplied by proof. The motion in arrest was, therefore, not well taken. *Chappell* v. *Shuee* (1889), 117 Ind. 481, 486, 487; *Lockhart* v. *Schlotterback* (1895), 12 Ind. App. 683, 684; *Rawles* v. *State, ex rel.* (1877), 56 Ind. 433, 442, 443; *Ohio, etc., R. Co.* v. *Smith* (1892), 5 Ind. App. 560, 562; *Sims* v. *Dame* (1888), 113 Ind. 127.

Under the rules that inconsistent answers to interrogatories annul one another, and that all reasonable presumptions are indulged in favor of a general verdict, 2. dict, appellant's motion for judgment, notwithstanding the general verdict, was properly overruled. There are many reasons, set out in the motion for a new trial and discussed by counsel, predicated upon the admission of, and the refusal to admit, certain evidence; upon the giving, and refusing to give, certain instructions; and upon the conduct of counsel in the course of the argument

to the jury. These questions may not arise upon another trial, and we have not found it necessary to consider them.

Interrogatory eighteen reads as follows: "Was there any practical method of insulating said wires of the electric company at said time and place which would have prevented the escape of a current of 2,300 volts into a bare, grounded wire touching said insulated wire?"

The jury returned an improper answer, and were required by the court to reanswer. They then returned the answer: "The evidence is not sufficient to warrant an answer." Appellant again moved that the court require the jury to reanswer said interrogatory, but said motion was overruled and exception taken. The evidence was sufficient to warrant the answering of the question by either "yes" or "no." The electric company's superintendent testified on cross-examination that insulation is for protection where the line carries a low voltage, but as to high voltage, if the wires swung together insulation would not prevent their crossing, because "there is no outside insulation made on wires that are strung on poles that would keep that [high current] from getting through." This testimony was uncontradicted.

Interrogatory nineteen and the answer thereto are substantially the same as interrogatory eighteen and answer.

Interrogatory fifty-four and its answer read: "Name all the wires of the defendant electric company on its top cross-arm which were carrying currents of electricity at the time plaintiff was shocked; number them from the east end of the cross-arm. A. No positive evidence." Two witnesses testified and identified the wires on the plat of the pole. The answer, "No positive evidence," was a misstatement.

Interrogatory thirty-eight and its answer read: "Did plaintiff up to the time of his injury know that insulation in practical use would not prevent the escape of a 2,300 volt current, if it were grounded? A. No." The plaintiff testified that he knew it was dangerous to

carry a bare wire between insulated wires carrying a current; that it was dangerous to go near insulated wires that were charged with electricity, and that it depended upon the strength of the current, whether the insulation would prevent the escape of the current.

It was not reversible error not to require the jury to reanswer interrogatory eighteen, yet the answers to interrogatories eighteen, nineteen, thirty-eight and fifty-four show an indifference to the evidence, upon the part of the jury, which, if not hostile to appellant, was, at least, most friendly to appellee Ambre.

From plaintiff's testimony it appears that he knew that a wire carrying 300 or more volts was dangerous; that the wires on the lower cross-arms held electric light wires (the complaint alleged that he did not know it); that he knew they were insulated, and that insulation meant that probably there was a current there at some time; that at the time he went there he thought they were dead wires; that if he had known they were charged with electricity he would not have gone up there, because it was dangerous; that none of the employes of the electric company ever told him there was no current there; that he "just assumed they were dead wires" when he went up there that day; that he paid no attention whatever to these wires; that his eyesight was good before the injury, and the only reason he didn't observe the surroundings was that they were of no interest to him; that his work was on this pole, and had nothing to do with the other lines; that he pulled the wire up to the first cross-arm used by the electric company, then went to the top of the pole and came down over the cross-arms, took hold of the wire he had left on the lower cross-arms, pulled it up between the wires of the electric company near the east end of the cross-arms; that he placed one foot between the wires of the electric company—the other leg was over the lower cross-arm of the telegraph company—dragged his wire between these wires, without any regard to them—as though they

were not there—although there was an eighteen-inch space between the pins; that he paid no attention to what was on the pole, and gave no thought to it whatever.

Appellant earnestly insists that appellee Ambre's testimony shows that he was guilty of contributory negligence, but that apart from his contributory negligence he could not recover, because the evidence shows it to have been a physical impossibility, from his position, to receive the shock from the joints; that he must have received it from the insulated wire, and as it was alleged that there was lack of insulation only at the joints, such finding would not be warranted by the complaint; that the evidence shows that there was plenty of room to rest his foot on the cross-arm without coming near the electric company's joints; that the jury found that if he had looked he could have seen the bare joints in time to avoid coming in contact with them.

6. While we do not feel justified in directing judgment on the answers to interrogatories, yet in view of the whole record, the finding of facts, the evasive answers to some of the interrogatories, and the unwarranted answers to others, we are of the opinion that the end of justice will be best subserved by granting a new trial.

7. The jury seem to have had the impression that it was the duty of the appellant to give notice to appellee Ambre, or to any one having occasion to do any work upon the pole in question, that it was using, or about to use, a strong current of electricity over its wires, and that unless appellant informed him of the presence of a high current of electricity he (said appellee) would not be guilty of contributory negligence. Appellant did not owe this duty to said appellee. It did, however, owe him the duty of properly insulating its wires. *Griffin* v. *United Electric Light Co.* (1895), 164 Mass. 492, 41 N. E. 675, 32 L. R. A. 400, 49 Am. St. 477; *Geismann* v. *Missouri Edison Electric Co.* (1903), 173 Mo. 654, 73 S. W. 654; *Fitzgerald* v. *Edison Electric, etc., Co.* (1901), 200 Pa. St. 540 (s. c. *Will* v. *Edi-*

*son Electric, etc., Co.*), 50 Atl. 161, 86 Am. St. 732; *Winkelman* v. *Kansas City Electric Light Co.* (1905), 110 Mo. App. 184, 85 S. W. 99; *Thomas* v. *Wheeling Electrical Co.* (1903), 54 W. Va. 395, 46 S. E. 217; *Dallas Electric Co.* v. *Mitchell* (1903), 33 Tex. Civ. App. 424, 76 S. W. 935; *Newark Electric, etc., Co.* v. *Garden* (1896), 78 Fed. 74, 23 C. C. A. 649, 37 L. R. A. 725; *Lexington R. Co.* v. *Fain* (1903), 24 Ky. Law 1443, 71 S. W. 628; *Standard Light, etc., Co.* v. *Muncey* (1903), 33 Tex. Civ. App. 416, 76 S. W. 931.

8. Recovery, if had, must be upon the breach of duty charged in the complaint.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.