## SHOWERS BROTHERS COMPANY *v.* DAVIS.

[No. 9,502. Filed February 19, 1918. Rehearing denied
June 28, 1918.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—An assignment of error not
presented in appellant's briefs is waived. p. 229.

2. NEW TRIAL.—*Grounds.*—*Answers to Interrogatories.*—*Evidence.*
—Though a fact found by an answer to an interrogatory is not
sustained by the evidence, a new trial is not warranted on that
ground unless the fact is one which is essential to the general
verdict; but where answers to interrogatories indicate that the
jury wholly disregarded the testimony so as to make out a case
in favor of one party, a new trial should be granted. p. 232.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Action.*—*Verdict.*—
*Answers to Interrogatories.*—*Evidence.*—*Sufficiency.*—In an action
by a servant against the master for personal injuries, evidence
*held* sufficient to sustain both the general verdict for plaintiff
and most of the answers to the interrogatories, so that such an-
swers were not subject to attack on the ground that the jury dis-
regarded the evidence to find facts which would uphold the gen-
eral verdict. p. 234.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Action.*—*Jury
Questions.*—*Negligence and Contributory Negligence.*—*Statute.*—
On an action brought under the Employers' Liability Act of 1911,
Acts 1911 p. 145, §8020a *et seq.* Burns 1914, for injuries received
by a servant who was struck by a small truck which he and the

foreman were operating, the negligence being predicated on the master's failure to furnish proper appliances and the act of the foreman in permitting the truck to run at a dangerous speed, where there was evidence tending to prove that plaintiff was doing the work required of him in the usual and customary way when injured, and that his injury resulted from the negligence of the foreman, who at the time was plaintiff's fellow servant, the question of the master's negligence and plaintiff's contributory negligence was for the jury. p. 235.

5. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—Where there is some evidence to sustain the findings of the jury they are conclusive on appeal. p. 236.

6. APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.*— The refusal of requested instructions on subjects fully covered by instructions given is harmless. p. 236.

7. EVIDENCE.—*Opinion.*—*Admissibility.*—In an action against the master for injuries received by a servant who was struck by a small truck, which he and the foreman were using in removing lumber from a dry kiln where plaintiff contended that, because the tracks in the kiln were down grade, the master was negligent in not providing some appliance to check the speed of the trucks when being run down the track, the injured servant was, it appearing that he had been employed at such work for a number of years, competent to testify as to the use and effectiveness of certain appliances to stop the trucks, the matter not being one within the common knowledge or experience of ordinary men of average intelligence. p. 237.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Enoch Davis against Showers Brothers Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Jesse B. Fields* and *Batman, Miller & Blair,* for appellant.

*Stotesburg & Weathers,* for appellee.

FELT, J.—This is a suit for damages for personal injuries, brought by appellee against appellant. The complaint in three paragraphs was answered by a general denial. A trial by jury resulted in a verdict

for appellee for $3,000.  With its general verdict the jury returned answers to interrogatories.  Appellant's motion for a new trial was overruled, and judgment was rendered on the general verdict in favor of appellee.

Appellant has appealed to this court and assigned as error:  (1) The overruling of appellant's demurrer to each paragraph of the complaint; (2) overruling of appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict; (3) overruling appellant's motion for a new trial.

The first assignment of error is waived by failure to present the same in appellant's briefs.

1.  The second assignment is in effect waived by showing that the questions relied on arise under the motion for a new trial.

Appellant states in its brief that:  "We do not contend that the answers to the interrogatories are in conflict with the general verdict, but insist that many of them are wholly unsupported by the evidence, and that the answers as a whole indicate that the jury, in making such answers, wholly disregarded the evidence."

The pleadings show that appellee was employed by appellant as a common laborer in its furniture factory in Bloomington, Indiana; that it employed more than five persons, to wit, several hundred men; that appellee worked under a foreman in said factory, named Drake, and was engaged in helping move lumber from appellant's dry kilns; that appellant provided certain carriages, trucks and tracks, which were used by its said employes in moving said lumber under the supervision and direction of said Drake.

230     APPELLATE COURT OF INDIANA,

Showers Bros. Co. v. Davis—68 Ind. App. 227.

In the first paragraph of the complaint it is alleged in substance that said devices for moving lumber were so arranged that when the carriage was placed at the door of the kiln, the tracks in the kiln and on the carriage formed a continuous track upon which a truck loaded with lumber could be propelled out of the kiln, onto said carriage, and thence to different parts of the factory; that the tracks in the kiln were down grade toward the door, and when a truck loaded with lumber was started toward the door, if the speed thereof was not checked, it was liable to run off of the carriage and injure employes engaged in the work of moving lumber as aforesaid; that on December 13, 1913, appellee was so employed by appellant and was working in said factory, and was subject to the orders and directions of said Drake, to whose orders and directions he was bound to, and did, conform and obey; that on said day said foreman ordered plaintiff to assist in taking a truck load of lumber from said kiln and onto said carriage; that in pursuance of the orders and directions of said foreman plaintiff was holding the carriage in place to receive the truck, and said Drake was then and there engaged in letting the truck loaded with lumber, weighing about 3,000 pounds, down the track in the kiln and onto the carriage; that in so doing it was necessary, and customary in said factory, to ease such truck down the track, which fact was known to said Drake; that at the time aforesaid, while appellee and said foreman were so engaged as aforesaid, said Drake negligently failed to ease said truck down the track toward the carriage, and negligently started it down the track without easing or checking its speed, whereby it ran onto and off of said carriage and struck and injured

MAY TERM, 1918.     231

Showers Bros. Co. *v.* Davis—68 Ind. App. 227.

plaintiff, by breaking his leg and otherwise severely injuring him.

The substance of the charge of negligence in the second paragraph is that appellant negligently failed to furnish and equip said carriage with a check block or other appliance to stop the truck, which could have been done; that appellant knew of the need and absence of such device, or by the exercise of ordinary care might have known thereof in time to have supplied the same or discontinued the use of said carriage, and by so doing could have avoided the injury received by appellee.

The third paragraph contains the same general averments as the first and second paragraphs of complaint, and charges that the injury resulted from the combined acts of negligence alleged in the first and second paragraphs.

Appellant contends that, in answering certain interrogatories, "the jury entirely disregarded the evidence, and manifested a disposition to find facts, whether supported by the evidence or not, that would strengthen and uphold the general verdict."

The answers complained of are in substance as follows: That there was no evidence to show whether appellee prior to his injury had assisted in easing down such trucks by holding onto the north and south ends thereof; that it was not a part of appellee's duties so to do, and he did not know that holding onto the ends of the lumber was the only means of easing the truck down the track; that appellee could not by giving attention to his surroundings on the occasion of his injury have avoided the accident by observing an unobstructed space around and near him; that it was necessary for appellee to stand in front of the

moving truck, at the place where he was standing when injured, in order to perform the duty then required of him, because of the custom of chocking, and he was prevented from performing the duties required of him by holding onto the 'ends of the load of lumber; that he had to be in front of the truck to chock it, and he could not have performed the duty required of him by going to the end of the truck load of lumber; that appellee was not warned by a fellow workman just prior to his injury that he was in a place of danger; that he could not have avoided the injury by observing the lumber on the truck just prior to his injury because his duties prevented him from seeing the danger.    Appellant in effect contends that the foregoing answers to interrogatories of which it complains manifest such flagrant disregard of the evidence as to entitle it to a new trial.

In *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 415, 98 N. E. 424, this court, by Lairy, J., said: "Even though it be true that a fact

2.    found by an answer to an interrogatory is not sustained by the evidence, this alone would not warrant the court in granting a new trial, unless such fact is one which is necessary to sustain the general verdict.    If every fact necessary to sustain the general verdict is supported by evidence a new trial will not be granted because certain answers finding nonessential facts are not sustained by the evidence.    It has been said that in cases where the answers to interrogatories were such as to indicate that the jury wholly disregarded the testimony and made answers so manifestly repugnant to each other as to indicate an intention to so distort the evidence as to make a case in favor of one party or the other regard-

less of the testimony, a new trial should be granted in the interest of justice. *Chicago, etc., R. Co.* v. *Kennington* (1890), 123 Ind. 409, 24 N. E. 137; *Chicago, etc., R. Co.* v. *Cobler* (1909), 172 Ind. 481, 87 N. E. 981; *South Shore Gas, etc., Co.* v. *Ambre* (1909), 44 Ind. App. 435, 87 N. E. 246. In this case the answers to interrogatories are not such as warrant the application of this rule. The facts necessary to support the general verdict are all sustained by evidence, and the facts found by the answers complained of were of such a character that the verdict can stand regardless of such answers.''

Appellee testified, among other things: ''That when a truck load of lumber was to be taken out of the kiln one man went in and let the car down and out, and that on the occasion of his injury Mr. Drake was performing that part of the work; that the cars would run down themselves when released if they were not ''scotched'' or ''checked,'' or if the men let go of them; that the man letting the truck down could control it by holding onto it until it got down to the door, but if he let go it would come down in a hurry; that on the occasion of his injury there were no blocks or chocks on the carriage to stop the car and prevent it rolling off, but such devices could have been provided; and they would have prevented the car from running off as it did; that such blocks had been provided and were in use at the time of the trial; that it was a part of his work to line up the tracks at the door of the kiln, and he was helping in that part of the work when injured; that Drake was working in the kiln, letting the cars down to the door, and he had eased several down just before the one that hurt him; that Drake let that one get away from him, and

it came out so fast the men could not handle it; that it was appellee's duty to chock the car and help stop it, and he endeavored to do so by throwing strips under the wheels, "and it would'nt take them that way. It just kept sliding as fast as I could throw them under there"; that he had stopped the other cars "just that way," and it was the way he had always done before; that when he was injured he was standing in the only place where he could stand to do the work he was required to do, and had stood at that place while doing such work for several weeks prior to his injury and all the time he worked in that division, which was about six weeks; that as soon as he saw they were not going to be able to stop the car he tried to get away by running as fast as he could, but the truck ran off the carriage and the lumber fell off thick and fast, and fell on him and injured him; that at the time appellant employed in and about said factory about 600 or 800 men; that said Drake brought all the orders to the gang in which he worked.

There is evidence tending to sustain every material allegation of the complaint, and the answers to the interrogatories of which appellant complains

3. do not as a matter of law entitle it to the relief demanded. While there was conflict in the evidence, the testimony of appellee shows that there was some evidence to sustain not only the general verdict, but most, if not all, of the answers to the interrogatories.

In answer to interrogatories other than those mentioned above, the jury found that appellee placed himself on the east side of the track, on the outside of the dry kiln, just prior to the time he received his alleged injuries; that it was the custom to ease the

trucks down by the men holding on to the lumber at the sides of the car and also to use chocks.

While there may be a measure of conflict in some of the answers, as a whole they are consistent with and support the general verdict.

Appellant also contends that the undisputed evidence shows appellee guilty of negligence which contributed to his injury; that the hazards which caused his injury were open and obvious to him, and his injury resulted from his failure to use his senses and apply the experience he had gained by doing the particular kind of work he was doing for many years prior to the time he was injured; that there was a safe way of doing the work he was required to do, and he voluntarily chose an unsafe way when a safe way was available and was the usual and customary way of doing the work appellee was required to do.

We cannot concur in appellant's view of the evidence. There is evidence tending to prove that appellee was doing the work required of him in 4. the usual and customary way when injured, and that his injury resulted from the negligence of appellant's foreman, Drake, who at the time was a fellow servant with appellee.

The first paragraph of complaint is based on the negligence of Drake in letting the truck go down the track without checking its speed in the usual and customary way.

The suit was brought and the case tried under the Employer's Liability Act of 1911, Acts 1911 p. 145, §8020a *et seq.* Burns 1914.

This act abrogates the rule by which an employe assumed the risk of a fellow servant, and likewise as to defects in the place of work, tools or other appli-

ances where such defects are known to the master, or could have been ascertained by the exercise of ordinary care in time to have remedied the defects or discontinued the use of the defective tool or appliance.

The questions of appellant's alleged negligence and of appellee's contributory negligence were for the jury. The jury having determined them 5. against appellant, and there being some evidence to sustain the findings of the jury, they are conclusive on appeal.

The facts of the case bring it within the provisions of the act aforesaid as interpreted by the Supreme Court and by this court. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 589, 105 N. E. 167; *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 588, 110 N. E. 680; *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684; *American Car, etc., Co.* v. *Wyatt* (1914), 58 Ind. App. 161, 167, 108 N. E. 12.

Appellant also complains of the refusal of the court to give to the jury instructions Nos. 4, 5, 7, 12, 13 and 17 tendered by it. These instructions deal with 6. phases of the master's duty, proximate cause and contributory negligence. The subjects were fully covered by the numerous instructions given to the jury, some of which were tendered by appellant. In view of the clear and comprehensive instructions given the jury covering all the issues and every phase of the evidence, appellant was not harmed by the refusal of the court to give the instructions aforesaid.

While we have no doubt of the correctness of the

MAY TERM, 1918.   237

Showers Bros. Co. *v.* Davis—68 Ind. App. 227.

concluding proposition above announced, it is emphasized in this case by the answers of the jury to the interrogatories, which show clearly that, upon the hypothetical facts stated in the instructions tendered, the jury found against appellant. It further appears, also, that none of the instructions refused, if given, could have influenced in any way the findings of the jury upon such facts.

There is a suggestion of error in the exclusion of certain evidence, but our examination shows that the items complained of all refer to immaterial evidence or to matters clearly within the discretion of the court on cross-examination of witnesses.

It is also contended that the court erred in permitting appellee to testify over appellant's objection and exception, with reference to the use and effectiveness of blocks to stop the trucks, as to the place or places where he could stand and do the work required of him, whether he would have been able to have stopped the car with the strip used by him, if Drake had eased it down in the usual and customary way until the other workmen could have gotten hold of it, and whether he believed the men would be able to stop the truck up to the time it became apparent to him that they could not do so.

Appellee was shown to have worked in the factory for six or eight years prior to his injury, and at this particular kind of work, with the same devices and appliances and the same men, for several weeks prior to his injury, and to have acquired a practical knowledge of his duties and the way the lumber was handled and moved from the kiln.

Considering his qualifications and the issues of the case, the subjects mentioned involved material

issuable facts, and appellee was a competent witness to testify in regard thereto.

The matters inquired about were not so clearly within the common knowledge, or experience of ordinary men of average intelligence, selected without reference to their learning, profession, trade, or calling, as to preclude the opinions of persons qualified as appellee is shown to have been. *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 391, 392, 105 N. E. 522, and cases cited; *Federal Union Surety Co.* v. *Indiana, etc., Mfg. Co.* (1911), 176 Ind. 328, 333, 95 N. E. 1104.

We find no reversible error. The verdict is supported by the evidence under the rules of appellate procedure.

Judgment affirmed.

Ibach, C. J., Caldwell, Dausman and Hottel, JJ., concur. Batman, P. J., not participating.

NOTE.—Reported in 118 N. E. 697. See under (2) 29 Cyc 836; (4) 26 Cyc 1463, 1482; (8) 22 C. JJ. 542. Employers' liability acts, assumption of risk, 47 L. R. A. (N. S.) 62.