## SECURITY STATE BANK OF FORT WORTH v. GREEN et al. (No. 10481.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 26, 1924.)

1. **Appeal and error ⬤➤174—Right to challenge stockholders' right to sue for benefit of other stockholders waived by failure to plead.**

By filing no plea challenging the right of directors and stockholders of an unincorporated joint-stock association, under Rev. St. arts. 6149, 6154, to sue for the use and benefit of all the stockholders, defendant waives the right to raise such question on appeal.

2. **Appeal and error ⬤➤1036(3)—In suit by directors and stockholders of unincorporated association, failure to join other stockholders held immaterial.**

In a suit by directors and stockholders of an unincorporated joint-stock association for the use and benefit of all the stockholders, the failure to join the other stockholders as parties plaintiff was immaterial, where the latter authorized plaintiffs to sue in their names, and hence would have been bound by an adverse judgment, satisfaction of which would be a complete bar to a suit for further recovery by any of them.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by F. C. Green and others, individually and as directors and stockholders of the Bank of Shannon, for the use and benefit of all its stockholders, against the Security State Bank of Fort Worth and another. From a judgment against the named defendant, it appeals. Affirmed.

Ginn & Harrington and Greathouse & Wade, all of Fort Worth, for appellant.

Samuels & Brown, of Fort Worth, for appellee.

DUNKLIN, J. F. C. Green, H. R. Bloodsworth, and S. W. Cain, for themselves and as directors and stockholders of the Bank of Shannon, an unincorporated joint-stock association, and for the use and benefit of all of its stockholders, instituted this suit against the Security State Bank, of Fort Worth and the First State Bank of Bowie, to recover on a promissory note executed by one Edward Stewart, and the payment of which was guaranteed by the Security State Bank. A judgment was rendered in favor of the First State Bank of Bowie, and of that judgment no complaint is made. But the Security State Bank has appealed from the judgment rendered in plaintiffs' favor against it for the amount shown to be due upon the note.

The only assignment of error presented here, and the only proposition submitted thereunder, are as follows:

"Assignment of Error. The court erred in entering a judgment in favor of the plaintiffs, F. C. Green, H. R. Bloodsworth, and S. W. Cain, and against defendant, the Security State Bank of Fort Worth.

"Proposition. Where the uncontroverted evidence shows the cause of action, if any, belongs to an unincorporated joint-stock association, the trial court erred in not rendering judgment in favor of appellant."

It may be gravely doubted that the assignment is sufficiently definite to point out error, and therefore to merit consideration. But, apart from that, we shall consider the reasons advanced in appellant's argument for a reversal of the judgment.

According to findings of fact filed by the trial judge, the Bank of Shannon was an unincorporated joint-stock association, or partnership, engaged in the banking business, and the stockholders of the bank, by resolution passed at a regular meeting, authorized and directed plaintiffs, Green, Bloodsworth, and Cain, to institute this suit in the name of plaintiffs, and it was instituted in pursuance of that authority. Articles 6149 and 6154 of our Revised Statutes are cited to show that by those statutes the right was given to an unincorporated joint-stock association, such as the Bank of Shannon, to institute a suit in its own name without joining the stockholders.

Article 6154 reads as follows:

"The provisions of this chapter shall not affect nor impair the right allowed unincorporated joint-stock companies and associations to sue in the individual names of the stockholders or members, nor the right of any person to sue the individual stockholders or members; but the provisions of this chapter shall be construed as cumulative merely of other remedies now existing under the law."

Appellant insists that by the common law the rights and liabilities of members of an unincorporated joint-stock association are determined by the same rules as apply to partnerships, and that, since it is necessary that all members of a partnership join in a suit to recover a partnership debt, it follows that all stockholders in an unincorporated joint-stock association would likewise be necessary parties plaintiff in a suit to recover a debt due the association. Appellant cites in support of its contention Brotherhood of R. R. T. v. Cook (Tex. Civ. App.) 221 S. W. 1049; Standard Light & Power Co. v. Muncey, 33 Tex. Civ. App. 416, 76 S. W. 931.

[1, 2] In the trial court appellant filed no plea challenging the right of plaintiffs to maintain the suit for the use and benefit of all the stockholders of the bank, and by such failure it waived the right to raise that question for the first time on this appeal. Furthermore the proof showed beyond controversy that the stockholders of the bank authorized and empowered the plaintiffs in their own names to institute this suit for the

benefit of all the stockholders. That being true, it cannot be doubted that, if a judgment had been rendered adverse to plaintiffs, all other stockholders would have been bound thereby, and that a satisfaction of the judgment that was rendered will be a complete bar to a suit for further recovery by any and all stockholders. The following authorities amply support that conclusion: 30 Cyc. pp. 78 and 83; Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105; Davis v. Hudgins (Tex. Civ. App.) 225 S. W. 73; 20 R. C. L. p. 669.

Accordingly, appellant's assignment of error is overruled, and the judgment is affirmed.