No. 13,228.

## O'HALERAN v. O'HALERAN.

DECEDENT'S ESTATE.—*Proceeding by Administrator to Sell Land to Make Assets.*—*Resistance by Owners.*—*Claim.*—*Practice.*—In a proceeding by an administrator to sell real estate to pay alleged claims against the estate, the owner or owners of the real estate have the right, in order to protect it, to defend against the proceeding, and the claims upon their merits, notwithstanding they may have been allowed by the administrator.

From the Tippecanoe Circuit Court.

*E. A. Greenlee,* for appellant.

*J. F. McHugh, R. P. Davidson* and *J. C. Davidson,* for appellee.

ZOLLARS, J.—Patrick Reagan devised all of his real estate to his daughter, Catharine. Subsequent to his death, she died intestate, leaving the appellees herein, who were defendants below, her only heirs at law. After her death, appellant, upon his own application, was appointed administrator of Reagan's estate, and as such, and for the purpose of paying alleged debts, filed his petition for the sale of the real estate so devised to the daughter, Catharine.

Appellees answered, amongst other things, that at the time of his death Reagan owed no debts, and that the only claim against the estate is an allowance by appellant, as administrator, of a claim filed by his wife, which was and is without any foundation, Reagan never having been indebted to her.

The court below overruled a demurrer to the third paragraph of the answer, the substance of a portion of which is given above, and, upon the evidence adduced, dismissed appellant's petition. The evidence is not in the record, and hence no question is made as to its sufficiency.

The case is submitted upon the assignment that the court below erred in overruling the demurrer to the answer.

The pleadings are not, upon either side, as definite and cer-

O'Haleran *v.* O'Haleran.

tain as they ought to be, but we think they present the question argued by counsel, and that 'is, have the owners of the real estate, in order to protect it from sale by the administrator, a right to defend against, and show, if they can, that the claim filed by appellant's wife is not a proper and valid claim against the Reagan estate, notwithstanding its allowance by appellant as administrator?

Counsel for appellant claim that they have not that right in a proceeding like this, and that their only remedy is that provided by section 102 of the act of 1881 (R. S. 1881, section 2326), as amended by the act of 1883, Acts 1883, p. 157, section 13.

The precise question thus presented was before us for decision in the case of *Scherer* v. *Ingerman*, 110 Ind. 428, and we there held that in a proceeding by an administrator for the sale of real estate to pay an alleged claim against the estate, the owner or owners of the real estate have the right, in order to protect it, to defend against the claim upon its merits, notwithstanding it may have been allowed by the administrator.

We are satisfied that the conclusion there reached is the correct one, and adhere to it. No mention was made in that case of the amendment of 1883, but there is nothing in that amendment which at all affects the question which was there involved and is here involved.   See, also, *Mackey* v. *Ballou*, 112 Ind. 198; *Hunter* v. *French*, 86 Ind. 320.

The court below did not err in overruling the demurrer to the third paragraph of the answer.

Judgment affirmed, with costs.

Filed Sept. 20, 1888.