No. 103.

## SMILEY v. DEWEESE.

CONTRACT.—*Separate Breaches.—Action.—Pleading.*—Where all the items upon which a recovery is claimed are alleged breaches of the same contract, it is not necessary that there should be a separate paragraph for each item, but all may be embraced in one by assigning each item as a separate breach.

From the Decatur Circuit Court.

*M. D. Tackett, B. F. Bennett, J. K. Ewing* and *C. Ewing,* for appellant.

*J. S. Scobey,* for appellee.

REINHARD, J.—The complaint in this action was in five paragraphs. The appellant, who was the defendant in the circuit court, made a motion "to require the plaintiff to separate the several causes of action stated in the first paragraph of his complaint herein, and separately number them as required by law."

This motion was overruled by the court, and this ruling constitutes the only error assigned and discussed in this court.

The paragraph of complaint under consideration was a declaration upon a contract for the rent of a farm from appellant to appellee for the term of one year, with the privilege of two additional years. The first item upon which the appellee seeks to recover is the value of three acres of grass alleged to be included in the rent contract, but which it is averred the appellant used for grazing and pasturing his cattle. The second item was for the use of a barn claimed to be included in the rent contract, but which the complaint charges was retained and used by the appellant, in violation of his agreement. The third item is for the value of twenty acres of corn land which the appellee claimed was also included in his contract for rent, but which the appellant leased to some other person and thus deprived the appellee of its use; while the fourth and last item is for the rental

value of six acres of pasture land which the complaint avers the appellant had failed to turn over to appellee according to said contract.

It will thus be seen from the statement of the substance of these different items for which the appellee had sued in this paragraph, that while these averments constitute so many different breaches they all arise out of and are directly connected with one and the same entire contract.

The appellant insists that the court should have ordered a separation under section 381, R. S. 1881.

Had these different items arisen out of different contracts, or were they predicated upon separate and distinct acts, the appellant's contention would have some merit. But where, as in this case, all the items upon which a recovery is claimed, are alleged breaches of the same contract, it is not necessary that there should be a separate paragraph for each item, but all may be embraced in one by assigning each item as a separate breach. The practice in such cases is somewhat similar to that in actions on bonds or other written contracts, or actions for libel or slander, where each breach or each set of words is separately assigned in the same paragraph. *Sheetz* v. *Longlois,* 69 Ind. 491 ; *Mustard* v. *Hoppess,* 69 Ind. 324 ; *Scott* v. *Hansheer,* 94 Ind. 1 ; *Richardson* v. *State, ex rel.,* 55 Ind. 381 ; Bliss Code Pl., section 118 ; *Bendernagle* v. *Cocks,* 19 Wend. 206 ; *Secor* v. *Sturgis,* 16 N. Y. 548 ; *Fisk* v. *Tank,* 12 Wis. 306 ; *Badger* v. *Titcomb,* 15 Pick. 409 (26 Am. Dec. 611, and note).

No injury could possibly result to the appellant from the ruling of the court, as he could have demurred separately to each breach had he chosen to do so. *Sheetz* v. *Longlois, supra.*

Judgment affirmed, with costs.

Filed April 28, 1891.