### THE INDIANAPOLIS FROG AND SWITCH COMPANY *v.* BOYLE.

[No. 1,751. Filed September 21, 1897.]

APPEAL AND ERROR.—*Complaint Assailed for First Time on Appeal. —When Defects Cured by Verdict.*—A complaint which is attacked for the first time on appeal will be upheld if it contains the material averments necessary to state a cause of action, although such averments are defectively made. *pp. 172, 173.*

MASTER AND SERVANT.—*Negligence.—Incompetency of Fellow Servant. —Complaint.*—In an action against an employer for personal injuries caused by the incompetency of a fellow servant, of which incompetency the defendant well knew, and of which plaintiff had no knowledge, it is not necessary that the complaint allege specifically in what manner the incompetency of such fellow servant appeared. *pp. 173, 174.*

From the Marion Superior Court. *Affirmed.*

*W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellant.

*J. B. Kealing, Martin Hugg* and *F. T. Edenharter,* for appellee.

HENLEY, J.—Appellant's counsel rely upon the insufficiency of the complaint for a reversal of this cause. The evidence under the repeated decisions of this court and the Supreme Court is not in the record. *Pittsburgh, etc., R. W. Co. v. Cope*, 16 Ind. App. 579, and cases therein cited.

Without the evidence, no question arising out of the motion for a new trial can be considered.

The complaint was not tested by demurrer in the lower court, and is attacked on appeal for the first time by the first specification of the assignment of errors.

The complaint is in one paragraph, and avers, in substance, the following facts, that appellant is a corporation, engaged in the manufacture of railway frogs, crossings, switches, etc., and as part of its business operated a machine shop; that appellee entered appellant's employ on the 1st day of September, 1890, and continued in appellant's employ up to and including the 23d day of September, 1890; that on the night of said 23d day of September, 1890, one of the large iron planers used in appellant's machine shop ceased to do its work properly, and appellee, together with other workmen, by direction of the proper officer, were sent to repair it; that one Michael McGinley, who was in appellant's employ as a machinist, was placed by appellant to work with and assist appellee in repairing the planer; that while engaged in the repair of the machine, it became necessary to drive out of its place in said planer a large iron shaft, and that to do this it was necessary to use a large iron and heavy sledge. The complaint then proceeds as follows: "That a competent machinist is able to handle with skill and precision such a sledge as was there used, and that it is part of the trade, business, and education of a competent machinst to acquire such skill and precision;

that machinists in the course of their business and trade, are frequently called upon to work together, as was done on said occasion by said McGinley and plaintiff,—one to hold the object to be struck and the other to strike it with the sledge, and that such work when done by ordinarily competent machinists, involves but little danger to the one holding the object to be struck; but when such striking is done by one not skilled and proficient, it becomes, to the one holding the object to be struck, a position of great danger and hazard to his person and life; that, at said time, said McGinley was and had been incompetent as a machinist, and lacked both ordinary skill and training as such, or to work as such; that at the time plaintiff entered the employ of the defendant, as a machinist, he found said McGinley also in its employ as a machinist, and the plaintiff had no knowledge, notice, or information of the incompetency of said McGinley as a machinist, but believed him, by reason of seeing him employed and working at said trade for defendant, to be an ordinarily competent and skillful machinist, and that had he known of his incompetency and unskillfulness as such, he would not have worked with him as he did in making said repairs; that at and before the happening of the injury hereinafter complained of, the defendant had notice, knowledge and information of said McGinley's incompetency, as aforesaid, and had been notified through its proper officer and agent, of said incompetency, but, notwithstanding the same, carelessly and negligently retained and continued him in its employ as a machinist; that said McGinley and plaintiff, by direction of the proper officer and agent of the defendant, undertook to make said repairs on said planer, plaintiff holding the iron bar, as aforesaid, and adjusting one end of it to said iron shaft, which was driven out, as before stated, while said McGinley

wielded the said sledge and directed the blows against
the other end of said bar; that said McGinley while
attempting to strike said bar, and while plaintiff was
in a kneeling position holding said bar, as aforesaid,
through his [McGinley's] unskillfulness and incompetency, as aforesaid, and without any fault or negligence on plaintiff's part, missed said bar entirely, and
landed his sledge, with full force, upon plaintiff's head
and jaw; that the failure of said McGinley to strike
said bar, and the consequent injury to plaintiff were
wholly due to the incompetency of said McGinley, and
of the negligence of defendant in employing him as a
machinist, and in retaining and continuing him in its
employment after knowledge and notice of his incompetency, and that plaintiff was without fault, and that
his negligence in no wise contributed to said injury."
By reason of which injuries appellee demanded judgment for $5,000.00. The appellant answered, denying
the material allegations of the complaint. A trial by
jury resulted in a verdict and judgment for appellee in
the sum of $300.00.

A large part of the complaint is surplusage. The
material allegations are that appellee and McGinley
were both employed as machinists by appellant, were
both ordered to the work of repairing the iron planer;
that said McGinley was an incompetent and unskillful
machinist, and in retaining and continuing him in its
petency and unskillfulness of said McGinley long before the happening of the accident, and that appellee
did not know of the incompetency of said McGinley as
a machinist; that by reason of, the unskillfulness of
said McGinley, said appellee was, while working with
him in the repair of the planer, severely hurt and injured, without any fault or negligence upon the part
of appellee.

The complaint in this cause fairly, if not directly,

alleges all the above facts; they are alleged with sufficient certainty at least to justify the court trying the cause in admitting evidence tending to prove each of them. We cannot say that any averment material to appellee's cause of action has been entirely omitted from the complaint. Defective averments are cured by verdict, and a complaint will not be held bad when attacked for the first time in this court, unless a material allegation is entirely omitted therefrom. *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54.

Neither a special nor general verdict could cure a complaint where a material allegation was entirely wanting, for without the allegation no evidence could be admitted tending to prove the omitted fact, and a verdict in such a case could not stand because of the failure of the evidence to sustain it.

The complaint in the case at bar, we are satisfied, is not open to this objection.

It was unnecessary that appellee should aver that it was a part of the duties of a machinist to be a skillful wielder of a sledge, because if McGinley was employed as a machinist it will be presumed that he understood how to do skillfully and properly all the work necessary to be done in the repair of such machines as he was ordered by the master to repair, and if in the course of repairing the planer, whether by the blow of a sledge or in any other manner, appellee was injured by the incompetency of McGinley, known to the master and unknown to the appellee, without any fault upon appellee's part, the appellant (the master) would certainly be liable. The mere act of driving a nail, striking a bar upon the end with a sledge, striking a wedge with a maul, simple as the act may be in itself, it may go to make up a part of that which was required to be done to complete the work.

McGinley is charged with being incompetent to

wield a sledge. Why he was so incompetent we do not know, nor is it necessary that we should know. His incompetency may have been from the use of intoxicating liquor, defective eyesight, etc. Whatever it may have been, it is clearly charged that appellant knew of it, and appellee did not, and by reason of such incompetency appellee was injured.

We believe the complaint is sufficient upon which to sustain the judgment.

Having arrived at this conclusion, it is unnecessary for us to pass upon the motion to dismiss this appeal.

The judgment of the lower court is affirmed.

WILEY, C. J., dissents.