Nordyke & Marmon Co. *v.* Hilborg—62 Ind. App. 196.

---

## NORDYKE & MARMON COMPANY *v.* HILBORG.

[No. 8,735. Filed December 16, 1915. Rehearing denied February 18, 1916. Transfer denied June 2, 1916.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Fellow Servant.— Contributory Negligence.—Statute.—Validity.*—Section 8020a Burns 1914, Acts 1911 p. 145, concerning the liability of employers of five or more persons for personal injuries received by employes, and which statute abolishes the fellow servant doctrine and the defenses of contributory negligence and assumption of risk in many cases, is constitutional. p. 201.

2. MASTER AND SERVANT.—*Injuries to Servant.—Fellow Servant.— Rule.—Sufficiency of Complaint.*—Under §8020a et seq. Burns 1914, Acts 1911 p. 145, which provides that any person, firm or corporation employing five or more persons shall be liable for an injury which results in whole or in part from the negligence of an employer, or his or its servants, and for an injury which results from defects, mismanagement or insufficiency due to his, its or their carelessness, negligence, fault or omission of duty, *held*, that a complaint, alleging that the employer knowingly and negligently continued in his employ a helper for the plaintiff after he had notified such employer of the inefficiency of such helper, and that plaintiff was injured by the negligence of the employer and of the helper, a fellow servant, states a cause of action under the statute. pp. 203, 204.

3. MASTER AND SERVANT.—*Injuries to Servant.—Fellow Servant.— Degree of Care.*—Under the common law a master is bound not to knowingly or negligently employ any but careful and competent servants and where he knowingly or negligently employs or keeps in his employment an incompetent or negligent servant, he is liable to one of his servants that is injured by the negligence of such

employee, unless the incompetency or negligence of such servant was known to the injured servant or could have been known to him by the exercise of ordinary care and that, notwithstanding such knowledge, he voluntarily continued in the employment.   p. 203.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Assumption of Risk.* —*Sufficiency of Complaint.*—Where the master and servant both have knowledge of the incompetency of a fellow servant, and the master induces the servant to remain in his employ by a promise to replace such fellow servant by a competent and careful employee, and the complaining servant, by virtue of such promise, remains in such employment for a time reasonably sufficient to enable the master to secure such careful and competent fellow servant, he will not assume the risk of the incompetency or negligence of such negligent fellow servant unless the hazard of so continuing was so great that an ordinarily prudent person would not have so continued under such circumstances; hence, a complaint states a cause of action under the common law, where it alleges that plaintiff's helper was grossly negligent and inefficient; that he had notified his employer of such inefficiency and was induced to continue in his employer's service by a promise that he would be furnished with a capable helper, and that shortly thereafter the injury complained of was caused by the negligence of such incompetent fellow servant.   pp. 203, 204.

5. PLEADING.—*Complaint.*—*Election.*—Where a servant was injured by the negligence of a fellow servant and the facts in the complaint state a cause of action under both an Employer's Liability Statute and the common law, the injured servant may proceed to trial without electing whether he will try the case on the theory of a suit under the statute or as a common-law action, since both actions sound in tort and are, under the Indiana Code, triable without such election.   p. 204.

6. PLEADING.—*Complaint.*—*Motion to Separate.*—Where, in one paragraph of a complaint, plaintiff states two causes of action, one under the statute and one under the common law, a motion to separate the causes into separate paragraphs should be sustained.   However, it is not reversible error for the trial court to overrule such a motion. p. 205.

7. TRIAL.—*Verdict.*—*Special Interrogatories.*—In an action for damages, predicated on the negligence of the master in employing an incompetent fellow servant, there was a general verdict for the plaintiff, who was injured while he was handling metal on the anvil of a steam hammer.   Answers to special interrogatories submitted disclosed that the plaintiff was a mature man, possessed of all his faculties and understood the operation of the hammer; that he could have handled the metal, which he was placing on the anvil, with tongs provided for his use, and thus avoided the injury; that he could have safely placed the metal on the anvil either by using the tongs or both hands, and there was no reason why he should not have done so; that the injury would have been avoided had he

not improperly placed his hand on top of the collar of the anvil to adjust it; that he placed the piece of metal on the anvil by the use of the left hand alone, with his fingers over the top of the collar; that it was sufficiently light where he was working; that his helper knew how to operate the hammer and was ordinarily a competent and careful operator. *Held*, that the answers are not in irreconcilable conflict with the general verdict and that the trial court did not err in overruling defendant's motion for a judgment on the answers to interrogatories, as the general verdict, under the rules of practice, found the plaintiff free from contributory negligence and such answers fail to show, as a matter of law, that a prudent person, in the exercise of ordinary care, would not have undertaken to do the work in the way selected by the plaintiff.   p. 207.

From Marion Circuit Court; *Charles Remster,* Judge.

Action by John Hilborg against the Nordyke & Marmon Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson,* for appellant.
*Muter M. Bachelder* and *Harold K. Bachelder,* for appellee.

FELT, J.—This is a suit by appellee against appellant for damages for personal injuries. From a judgment in appellee's favor for $3,600, appellant appeals. The errors relied on for reversal allege that the court erred: (1) In overruling the demurrer to appellee's complaint; (2) in overruling appellant's motion to require appellee before the commencement of the trial to elect whether he would try the case on the theory of a suit under the statute or as a common-law action for damages; (3) in overruling appellant's motion for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict; (4) in overruling appellant's motion for a new trial.

Omitting formal averments about which there is no contention, the complaint, in substance, avers that on January 4, 1912, and prior thereto, appellant

was a corporation engaged in the manufacture of automobiles and milling machinery and in so doing had in its employ more than five persons; that it operated a blacksmithing department as a part of its business in which department it employed more than five men; that appellant operated a large steam hammer which consisted of a large die or anvil, the top of which was about six inches wide and eight inches long; that the hammer was made of steel and could be moved up and down on a piston by steam power and let fall a distance of three feet to the anvil and was so used in forging pieces of metal; that it required two persons to operate the hammer, one to handle the metal on the anvil so as to secure the desired results and the other to turn on and off the steam power by which the hammer was operated; that it required all the time and attention of the one that handled the metal to properly adjust and keep the same on the anvil and it was the duty of the other operator to turn the steam on or off in accordance with signals given him by the person that placed the metal on the die; that, in placing such metal pieces on the die, it was necessary for the one that did the work to place his hand on the top of the die in various positions for the purpose of properly adjusting the metal thereon; that on said day appellee was employed by appellant and it was his duty to place metal pieces on the die to be operated on by the hammer; that appellant then and there had in its employ as a helper, a boy nineteen years of age, whose duty it was to turn on and off the steam power in raising and lowering the hammer; that such services required a careful and prudent person that would attend strictly to his work; that said helper was very negligent, inexperienced and careless; that he was notoriously reckless and inefficient all of which became known to appellant;

that he paid no attention to the signals given him, though he had been in appellant's employment for some time; that on account of his recklessness and heedlessness appellant shifted him about to different positions in the factory; that appellant knew it was dangerous for any person to work with him; "that on or about the day that this plaintiff was injured, and prior thereto, to wit: the 4th day of January, 1912," appellee complained to appellant and notified it that the helper was very reckless, careless and negligent and inattentive to his work and that it was dangerous to work with him and that appellant must get rid of him and provide appellee with some one who was more careful and prudent; that thereupon appellant assured appellee that it knew that the helper was reckless and dangerous, that it had no one to take his place but, if appellee would go ahead and do the best he could, so soon as it could secure some other person to take his place it would be done; that this would be done in a short time and it promised to get some one in three or four days. Whereupon appellee continued to work with the helper, operating the machine as aforesaid, and in so doing relied on the promise of appellant; that on January 4, 1912, while working as aforesaid in pursuance of the aforesaid promise to secure a careful and competent helper, and while in the line of his duty appellee was arranging a piece of metal on the die and had his left hand thereon in such position that should the power be turned on, the hammer would fall upon the same; that while his hand was in such position the helper negligently, carelessly and heedlessly turned the power on and caused the hammer to fall violently on appellee's hand and seriously and permanently injured the same; that appellant was negligent in keeping the helper in its employ with knowledge of his carelessness and negligence,

and in failing to provide a careful and competent helper for appellee; "that by virtue of said injury, the defendant's negligence and the negligence of said helper" appellant was injured; "that said in-juries were all caused by virtue of the negligence and carelessness of the defendant as herein alleged"; that appellee was free from any contributory negligence on his part. Appellant's demurrer was accompanied by a memorandum which in substance states that: (1) The facts alleged do not show any negligence of appellant which was the proximate cause of appellee's injury; (2) the facts pleaded show that appellee knew of the dangers of his employment and assumed the risk; (3) the conditions and dangers of appellee's employment were open and obvious and in doing the things alleged he was guilty of contributory negligence; (4) appellee relied on no act or failure of appellant to his injury; (5) the complaint does not state a cause of action under the Employer's Liability Act of 1911 for: (a) While it is alleged that more than five men were employed, it does not show in what respect the statute was violated; (b) the act is unconstitutional.

. The constitutionality of the act of 1911 (Acts 1911 p. 145, §8020a Burns 1914), to which reference is made, has been settled adversely to appellant's contention, and therefore we proceed to consider the other questions presented. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289; *Kingan & Co.* v. *Clements* (1916), 184 Ind. 213, 110 N. E. 66.

Appellant also contends that the complaint is insufficient to state a cause of action under the statute because it fails to show in what respect, if at all, the statute was violated. The statute *supra*, §8020a *et seq.* Burns 1914 provides: "That any person, firm or corporation while engaged in business, trade

or commerce within this state, and employing * * * five or more persons shall be liable and respond in damages to any person suffering an injury while in the employ of such * * * corporation, * * * where such injury * * * resulted in whole or in part from the negligence of such employer or his, its or their agents, servants, employes or officers, or by reason of any defects, mismanagement or insufficiency, due to his, its or their carelessness, negligence, fault or omission of duty."

In *Vandalia Coal Co.* v. *Stillwell, supra,* 270, our supreme court says: "Section 1 makes its provisions applicable only to employers of five or more persons, and abrogates the fellow servant rule, but restricts liability to *negligence* * * * in whole or in part producing the injury, or death." In the recent case of *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 588, the Supreme Court in an opinion by Morris, C. J. in speaking of the same act says: "The effect of this section is to abrogate the assumed risk rule in so far as it applies to the particular risk of injury by a fellow servant."

The gist of the complaint is that appellee's helper was notoriously negligent and inefficient in the discharge of his duties; that appellant knew thereof before appellee's injury and thereafter negligently continued him in his employ; that appellee was injured because of appellant's negligence and the negligence of its helper. The statute provides a liability for: (1) An injury which results in whole or in part from the negligence of an employer or his or its servants; and (2) for an injury which results from defects, mismanagement or insufficiency due to his, its or their carelessness, negligence, fault or omission of duty. The complaint shows that prior

to, and on the day of; his injury appellee noti-
fied appellant of the negligence and in-
2. efficiency of its helper and asked that some
capable person be put in his place, and that
appellant induced appellee to continue in its em-
3. ploy by a promise to secure for him a compe-
tent assistant. The complaint also shows that
appellee's injury was caused by the negligence of
his helper, a fellow servant. Independent of the
statute, a master is bound not to knowingly or
negligently employ any but careful and competent
servants, and where he negligently or knowingly
employs an incompetent or negligent servant or
keeps in his employ a careless or incompetent servant,
after notice of such incompetency or carelessness,
he is liable to one of his servants that is injured by
the negligence of such careless or incompetent
servant, unless the facts show that the incompetency
or negligence of such fellow-servant was known to
the injured servant, or could have been known to
him by the exercise of ordinary care prior to the time
he received his injury, and that notwithstanding
such knowledge he voluntarily continued in the
employment. Where, however, the master and
servant both have knowledge of the incompetency
or carelessness of such fellow servant and the master,
by the promise to secure a careful and compe-
4. tent servant to take the place of such negli-
gent or incompetent fellow servant, induces
such servant to continue in such employment,
with such negligent or incompetent fellow servant,
the complaining servant by virtue of such promise
may continue in such employment for a period of
time reasonably sufficient for the master to secure
such careful and competent fellow servant, and
will not during such reasonable time assume the risk
of the incompetency or negligence of such fellow

servant. If, however, the hazard of so continuing is so great and apparent that an ordinarily prudent person would not have continued in the employment under such circumstances, notwithstanding such promise of the master, a servant injured by reason of such hazard may not recover. *Lake Shore, etc., R. Co.* v. *Stupak* (1890), 123 Ind. 210, 222, 223, 23 N. E. 246; *Id.* (1886), 108 Ind. 1, 4, 6, 8 N.E. 630; *Indianapolis, etc., Switch Co.* v. *Boyle* (1897), 18 Ind. App. 169, 172, 47 N. E. 690; *McFarlan Carriage Co.* v. *Potter* (1899), 153 Ind. 107, 115, 53 N.E. 465; *Indianapolis, etc., R. Co.* v. *Foreman* (1904), 162 Ind. 85, 92, 93, 69 N. E. 669, 102 Am. St. 185; *Francis* v. *Kansas City, etc., R. Co.* (1894), 127 Mo. 658, 28 S. W. 842, 30 S. W. 129; *Curran* v. *A. H. Stange Co.* (1898), 98 Wis. 598, 74 N. W. 377, 379; *Maitland* v. *Gilbert Paper Co.* (1897), 97 Wis. 476, 72 N. W. 1124, 65 Am. St. 137, 140; *Poirer* v. *Carroll* (1883), 35 La. Ann. 699.

The complaint therefore clearly states a cause of action under the common law, and is also good under the statute, for §1 of the act of 1911, *supra*, as construed by the Supreme Court "abrogates the assumed risk rule in so far as it applies to the particular risk of injury by a fellow servant."

The court did not err in overruling appellant's motion to require appellee to elect to try his cause of action either on the theory of a common-law action for damages or as a suit for damages brought under the Employer's Liability Act. As already pointed out in this opinion the facts alleged brought the case within the provisions of the statute and were also sufficient to state a cause of action at common law. Both actions sound in tort and, under our practice authorized by the code, appellee had the right to proceed to trial without such election. If appellant had any

right based on the dual nature. of the complaint, it should have moved to separate the two causes of action and have them stated in separate paragraphs. This was not done.   The trial court should sustain a motion to separate into separate paragraphs a complaint stating more than one cause of action but, notwithstanding this fact, it has been held that it is not reversible error to overrule such a motion, and it necessarily follows that the trial court did not err in overruling appellant's motion as above shown. *Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581, 582; *Pierce* v. *Walton* (1898), 20 Ind. App. 66, 80, 50 N. E. 309; *Smiley* v. *Deweese* (1891), 1 Ind. App. 211, 27 N. E. 505; *Shaw* v. *Ayers* (1897), 17 Ind. App. 614, 618, 47 N. E. 235; *Snyder* v. *Snyder* (1865), 25 Ind. 399, 401; 1 Works' Practice (3d ed.) 280.

It is next insisted that the court erred in overruling appellant's motion for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict.   The answers in substance show that appellee was a mature man, possessed of all his faculties and experienced in the work he was doing when injured; that he knew how the hammer was operated; that he could have handled the metal with tongs provided for his use and avoided the injury; that he could have safely placed the metal on the anvil by using both hands or by using the tongs, and there was no reason why he should not have done so on the occasion of his injury; that he would not have been injured if he had not placed his hand on top of the iron collar, and it was not proper for him to so place his hand in adjusting the collar on the anvil; that he picked up the piece of metal with his left hand and placed the same on the anvil with his fingers over the top of the collar; that it was sufficiently light where he was working;

that his helper knew how to operate the hammer and was ordinarily a competent and careful operator. Appellant contends that the answers show conclusively that it was guilty of no negligence which was the proximate cause of appellee's injury; that appellee assumed the risk that resulted in his injury; that appellee was guilty of contributory negligence in placing the metal on the anvil by the use of one hand on the top of the piece of metal; that there were two absolutely safe ways of doing the work, one by the use of the tongs and the other by employing both hands, and that appellee voluntarily chose another, an unsafe way, that of using one hand on top of the metal.

Appellant concedes that in passing on this motion the general verdict is viewed as finding every issuable fact in favor of the prevailing party, and that we may consider only the issues formed by the pleadings, the answers to the interrogatories and the general verdict; that the general verdict will prevail unless the answers are in irreconcilable conflict with the general verdict. In the light of these rules what we have said and the authorities cited, in passing on the sufficiency of the complaint, show the first two grounds of appellant's contention to be untenable. Whether appellee is conclusively shown to have been guilty of contributory negligence in choosing to place the metal on the anvil in a way accompanied by danger, when two other safe ways of doing the work were available to him, must be determined by ascertaining whether the way in which he did the work was so openly and apparently hazardous that an ordinarily prudent person in the exercise of ordinary care for his own safety would not have undertaken to do the work in that manner. Unless we can say as a matter of law that the facts found by the answers to the interrogatories show that such a person in the exercise of ordinary care for his own safety would not have undertaken to do

the work in the way appellee undertook to do it, then the general verdict must prevail. The general verdict finds appellee free from contributory negligence and the answers fall short of showing that a prudent person in the exercise of ordinary care would not have undertaken to do the work in the way selected by appellee. The answers are not therefore in irreconcilable conflict with the general verdict and the court did not err in overruling appellant's motion. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 408, 410, 98 N. E. 424, and cases cited.

Complaint is made of the giving of instructions Nos. 15 and 16 by the court. We have considered all the instructions and find no reversible error based on the instructions considered from the standpoint of a common-law action for damages. Since we have held the complaint good under the statute it is apparent that appellant has no cause to complain of the instructions given, many of which were tendered by it. The instructions given, when considered as a whole, were, at least, as favorable to appellant as the law warrants, and no reversible error is shown by the giving of the instructions of which complaint is made. There is evidence tending to support every material averment of the complaint.

No prejudicial error against appellant has been shown. Every right of appellant in making its defense was given full recognition by the trial court and the record discloses no intervening error that warrants a reversal. Judgment affirmed.

NOTE.—Reported in 110 N. E. 684. Statutes abrogating fellow servant doctrine, constitutionality, 10 Ann. Cas. 1113; 19 Ann. Cas. 196; notes, 12 L. R. A. (N. S.) 1040; 47 L. R. A. (N. S.) 84. Servant remaining at work after master's promise to remove incompetent fellow servant, as assumption of risk or contributory negligence, 11 Ann. Cas. 625. See, also, under (1) 26 Cyc 1079, 1180; (2) 26 Cyc 1360; (3) 26 Cyc 1293; (4) 26 Cyc 1209; (5) 31 Cyc 651; (6) 31 Cyc 653; (7) 26 Cyc 1513.