TIMMONS v. GOCHENOUR, ADMINISTRATOR, ET AL.

[No. 9,608. Filed October 12, 1917. Rehearing denied February 26, 1918. Transfer denied January 31, 1919.]

1. WITNESSES.—*Competency.*—*Husband of Heir to Estate.*—*Waiver of Objections.*—*Statutes.*—In a proceeding to sell a decedent's real estate to pay debts, where the husband of the sole heir to decedent's estate was called by her as a witness to testify concerning the execution of certain notes signed by decedent and the witness, and a creditor, the holder of the notes, cross-examined him as to the use of the proceeds of the notes, a matter not properly within the scope of the cross-examination, the creditor in effect made the husband his witness on that subject and waived any question as to his competency under §§522, 525 Burns 1914, §§499, 501 R. S. 1881.   p. 300.

2. EVIDENCE.—*Comparison of Handwritings.*—*Standard of Comparison.*—*Statute.*—In a proceeding to sell real estate of a decedent to pay debts in which it was contended that decedent's signature had been forged to certain notes constituting the basis of a claim against the estate, where, on cross-examination, a witness for the holder of the notes was shown a paper purporting to bear the genuine signature of decedent and then asked whether such signature and that of decedent on one of the notes were both written by the same man, an objection to the question on the ground that the "exhibit shown the witness had not been introduced in evidence," was properly overruled, as the statute (§528a Burns 1914, Acts 1913 p. 840), provides that, in any proceeding where the genuineness of the handwriting of any person is involved, "any admitted or proved handwriting of such person shall be competent evidence as a basis of comparison by witnesses," and the handwriting shown the witness might be proved or the signature admitted to be genuine without placing the paper on which it appeared in evidence.   p. 301.

3. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.—* In a proceeding to sell the lands of a decedent to pay debts, where it was contended that decedent's signature had been forged to notes held by appellant, error, if any, in permitting the use of a document not introduced in evidence to furnish a witness basis for comparison with decedent's signature appearing on the notes, was harmless, where the witness testified that the notes were executed by decedent. p. 302.

4. EXECUTORS AND ADMINISTRATORS.—*Claims.—Allowance.—Proceedings to Sell Real Estate.—Defenses.*—Although the allowance of a claim against an estate by an administrator is in legal effect a judgment and conclusive against the personal estate so long as it stands, it is not binding on an heir to the real estate, and, in a proceeding to sell lands to pay debts, the heir is a necessary party, and may contest the validity or amount of any claim against the estate for the payment of which an order to sell real estate is asked, notwithstanding such claim may have been allowed by the administrator. p. 302.

5. APPEAL.—*Review.—Harmless Error.—Merits Fairly Tried.—* Where the evidence is sufficient to support the finding, and a correct result was reached after a fair trial of the case on its merits, the judgment will not, under §§407, 700 Burns 1914, §§398, 658 R. S. 1881, be reversed, no intervening error prejudicial to defendant being shown. p. 303.

From White Circuit Court; *James P. Wason,* Judge.

Proceedings on the petition of Jeremiah Gochenour, administrator *de bonis non* of the estate of Theodore Scott, deceased, against Bertha M. Eldredge and others to sell real estate of decedent to pay debts, to which Jacob D. Timmons was made a party. From a judgment denying the petition, Timmons appeals. *Affirmed.*

*Sills & Sills* and *Charles E. Cox,* for appellant.
*C. E. Russell* and *E. B. Sellers,* for appellees.

FELT, J.—Jeremiah Gochenour, administrator *de bonis non* of the estate of Theodore Scott, deceased, filed his petition in the White Circuit Court, on Sep-

tember 7, 1914, for an order to sell certain real estate of the decedent, to make assets out of which to pay the debts of the estate. Bertha M. Eldridge, the daughter of the deceased, Oregon Eldridge, her husband, and William Guthrie, were made parties defendant to the original petition. On September 17, 1914, the appellant filed a petition showing his interest in the proceedings, and asked to be made a party, which was done by order of the court.

Thereupon appellant filed a pleading denominated an answer to the amended petition, in which he alleged that he had filed two claims against the estate which had been allowed by the former administrator, and that it was necessary to sell the real estate of decedent to make assets to pay such claims.

Appellee Bertha M. Eldridge filed a verified special answer, in the first paragraph of which she alleged that she was the daughter and only heir at law of the decedent; that she owned the real estate described in the petition of the administrator, and the same was not liable for sale to make assets to pay debts of the estate; that the only claims on which the administrator based such necessity were two notes calling for $1,000 each, alleged to have been executed to appellant by Oregon Eldridge and by the decedent in his lifetime; that decedent never executed such notes, and that the name appearing thereon as his signature was false and forged. In a second paragraph she alleged substantially the same facts as in the first paragraph, and also that "the allowance of said claim was fraudulent against" her and against said estate. She also filed answer in general denial. The other defendants to the petition filed no pleadings and made no defense.

On request the court made a special finding of facts and stated its conclusions of law thereon. In substance, the finding of facts shows that the decedent died in March, 1910, the owner of the real estate described in the petition of the administrator *de bonis non,* leaving as his only surviving heir, Bertha M. Eldridge; that Oregon Eldridge was appointed administrator of said estate in March, 1910, and acted as such until May 21, 1910, when he was removed by order of court.

The findings set out facts which show that the administrator *de bonis non* had in his hands funds sufficient to pay the costs and expenses of administration, and that there were no unpaid claims against the estate other than those of appellant; that one of such claims was based on a note purporting to have been executed on October 16, 1909, for $1,000 to the order of J. D. Timmons, by Oregon Eldridge and Theodore Scott; that the other claim was based on a note for like amount, purporting to have been executed on January 10, 1910, to J. D. Timmons, by Ore. Eldridge, Theodore Scott and Stephen Eldridge; that said Scott did not sign or execute either of said notes, nor receive any part of the consideration therefor, and his name appearing thereon was false and forged by the act of the defendant Oregon Eldridge, and said Scott at no time had any knowledge thereof; that the claims of appellant were filed on February 15, 1912, and were immediately allowed by said Eldridge as administrator of said estate, who knew that the signature of decedent to such notes was false and forged, and that no part of the consideration therefor was received by the decedent; that the allowance of such claims by said administrator was false and fraudu-

lent against said estate and the heir at law of said decedent and upon the court.

The court stated its conclusions of law, in substance, that there was no necessity for selling the real estate of decedent to pay debts of his estate; that the claims of appellant were not enforceable against the real estate described in the petition, and the administrator was not entitled to an order to sell such real estate; that Bertha M. Eldridge and William Guthrie are entitled to recover costs against appellant. Judgment was rendered in accordance with the conclusions of law. Appellant filed a motion for a new trial, which was overruled.

Appellant has assigned as error each conclusion of law and the overruling of his motion for a new trial. The only questions presented by the briefs arise under the motion for a new trial, and relate to the competency of a certain witness, the admission of certain evidence over appellant's objection, and the sufficiency of the evidence to support the findings of the court.

It was alleged in the pleadings that Oregon Eldridge was the husband of Bertha M. Eldridge.

Oregon Eldridge was called as a witness by his wife, and testified that he acted as administrator of the estate of Theodore Scott, deceased, and as such allowed appellant's claims against the estate; that he had forged the name of Theodore Scott to the notes held by appellant, and knew when he allowed the claims that decedent had not signed the notes; that decedent never knew his name was on the notes, and he had no knowledge of their existence.

On cross-examination appellant questioned the witness about the fact and time of his appointment as

administrator, about the time of the execution and delivery of the notes to appellant, the check or checks given him by appellant for such notes, and the consideration therefor, also the use he made of the money borrowed from appellant on the notes in question, and showed that the money was used, in part at least, in paying bills incurred in building a house.

On re-examination counsel for Bertha M. Eldridge asked about the use made of the money so obtained. The witness was then shown a check dated January 18, 1909, which he had already examined, and was asked to give the court his best recollection as to the money obtained thereon being used to pay for sawing out the timber on the farm for a house which he built in town.

Appellant objected on the ground that the witness was incompetent because he is the husband of Bertha M. Eldridge; that she was incompetent, and

1. under the statute her incompetency rendered him likewise incompetent, under §§522, 525 Burns 1914, §§499, 501 R. S. 1881.

The use made of the money for which the notes in question were given was first inquired about by appellant on cross-examination of the witness. We are unable to see that the questions about the use made of the money were proper cross-examination of the witness. The vital issue was the execution of the notes by Theodore Scott, and the questions about the use of the money afford no light upon that subject. For all practical purposes appellant made the witness his own on that subject. The situation, therefore, is analogous to that of a party calling as his witness an adverse party, who under the statute is not a competent witness against him. Therefore, on the facts of

this case, we hold that appellant waived any question as to the competency of the witness, and that the court did not err in overruling the objection made to his competency. *Bartlett* v. *Burden* (1894), 11 Ind. App. 419, 422, 39 N. E. 175; *Young* v. *Montgomery* (1903), 161 Ind. 68, 70, 67 N. E. 684; 4 Jones, Evidence §§780-784.

On cross-examination of B. B. Baker, a witness for appellant, he was handed a paper purporting to bear the genuine signature of Theodore Scott, and

2. asked whether such signature and the signature of said Scott on one of the notes in controversy were both written by the same man. Appellant objected to the question "for the reason that the exhibit shown the witness has not been introduced in evidence in this case and not proper to be used as a comparison until it becomes competent evidence in the case."

Section 528a Burns 1914, Acts 1913 p. 840, provides: "That in any proceeding before a court or judicial officer of the State of Indiana where the genuineness of the handwriting of any person may be involved, any admitted or proved handwriting of such person shall be competent evidence as a basis of comparison by witnesses or by the jury, court, or officer conducting such proceeding, to prove or disprove such genuineness."

The objection is based wholly on the proposition that the paper in question had not been introduced in evidence in the case. The statute makes provision for any admitted or proved handwriting. The handwriting might be proved or the signature admitted to be genuine, without placing the instrument in evidence. *Ashwell* v. *Miller* (1913), 54 Ind. App. 381, 389, 103

N. E. 37; *McDonald* v. *McDonald.* (1895), 142 Ind. 55, 69, 41 N. E. 336.

Furthermore, in answer to the question, the witness testified that the signature was the genu-
3. ine handwriting of Theodore Scott. This answer was favorable to appellant, and he could not, therefore, have been harmed by the testimony so elicited.

It is also claimed that the admission of proof on behalf of Mrs. Eldridge to show that the notes in question were not genuine, and therefore that she was not bound by the allowance of the administrator, was an attempt to set aside the allowance of the claims by parol proof; that the allowance of such claims by the former administrator was a judgment, and it was error to permit the former administrator to impeach such judgment by parol testimony as to the forgery of the notes, and his knowledge thereof at the time he made the allowance in appellant's favor.

While the allowance of a claim against an estate by an administrator is in legal effect a judgment, and conclusive against the personal estate so long
4. as it stands, it is not binding upon the heir to whom real estate of the decedent descends, and in a proceeding to sell real estate of the decedent, to make assets to pay debts of the estate, the heirs or owners of the real estate are necessary parties, and they may contest the validity or amount of any claim against the estate for the payment of which an order to sell the real estate is asked, notwithstanding such claim may have been allowed by the administrator. *Cole, Admr.*, v. *Lafontaine* (1882), 84 Ind. 446, 449; *Scherer* v. *Ingerman, Admr.* (1887), 110 Ind. 428, 437, 11 N. E. 8, 12 N. E. 304; *O'Haleran* v. *O'Haleran* (1888), 115 Ind. 493, 494, 17 N. E. 917.

It follows, from the foregoing proposition, that under the issues presented the court did not err in hearing evidence relating to the merits of the claims allowed by the former administrator for the payment of which an order was asked to sell the real estate described in the petition.

Some other questions are suggested in the briefs, but they do not bear upon the merits of the controversy, nor in any way affect the judgment from which this appeal is prosecuted.

There is ample evidence to support the findings of the court. The case seems to have been fairly tried on its merits and a correct result reached. No

5. intervening error is shown, which deprived appellant of any substantial right, or in any way affects the validity of the judgment rendered by the trial court. §§407, 700 Burns 1914, §§398, 658 R. S. 1881; *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 668, 104 N. E. 604; *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 79, 103 N. E. 7.

Judgment affirmed.