## OOLITIC STONE MILLS COMPANY *v.* CAIN.

[No. 9,640. Filed June 27, 1918. Rehearing denied December 11, 1918.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Where no point or proposition is stated in appellant's brief in regard to the alleged insufficiency of the complaint, the error, if any, in overruling the demurrer thereto is waived. p. 649.

2. MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Assumption of Risk.*—The Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, eliminates the defense of hazards inherent or apparent in the employment, and abrogates the assumed-risk rule as to the particular risk of a fellow servant. p. 651.

3. APPEAL.—*Review.—Refusal of Instructions.*—In an action for personal injuries, it was not error to refuse requested instructions on the question of contributory negligence where that element, so far as involved, was fully and properly covered by other instructions given. p. 651.

4. MASTER AND SERVANT.—*Injuries to Servant.—Methods of Work. —Contributory Negligence.*—Where an employe of a quarry was injured by a falling stone which he was assisting in raising, he was not guilty of contributory negligence as a matter of law because he voluntarily chose a hazardous way of doing his work, where he was acting in the usual and customary manner in obedience to, and under the personal supervision of, his superintendent. p. 652.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Marshal Cain against the Oolitic Stone Mills Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Batman, Miller & Blair,* for appellant.
*Rufus H. East* and *Edwin S. East,* for appellee.

FELT, P. J.—Appellee recovered a judgment against appellant for damages for personal injuries received while working in a stone quarry. Issues were joined

by a complaint in one paragraph and an answer of general denial.

The errors assigned and relied on for reversal are: (1) The overruling of appellant's demurrer to the complaint; (2) overruling the motion for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict; and (3) overruling appellant's motion for a new trial.

Omitting formal and uncontroverted allegations of the complaint, it shows that appellant is a corporation of this state, employing more than five men and engaged in the operation of a stone quarry; that appellee was on February 17, 1915, an employe of appellant, and while working in the line of his duty was injured as a result of the negligence of appellant, its agents and servants, by reason of certain defects, mismanagement, fault and omission of duty of the defendant, in this, that while working in line of his duty as such employe he was assisting other employes in placing on a truck certain stone slabs which had been sawed from a large block; in sawing the same defendant and its servants had negligently failed to saw the same entirely through; that it was necessary to place the slabs on the truck one at a time for the purpose of resawing them; "that on said date, plaintiff made a dog hole in the north end of one of said middle slabs, and one Robert Goings, a fellow servant of the plaintiff, then in the service of the defendant, employed by defendant as a hooker on said traveler, made a dog hole in the south end of said stone, but negligently and carelessly made said dog hole too small and shallow to allow the point of the dog to be securely drawn into the same, and said dog hole was insufficient and defective in that regard and was dan-

gerous to plaintiff and other employes, in this: that when the power of the traveler was applied to lift and handle said stone, the metal hook or dog was liable to pull out, and let the stone fall, on account of said defective and insufficient dog hole as aforesaid, and thus said stone would fall upon the plaintiff and injure him.

"The plaintiff says that he attached one of the dogs or metal hooks to the north end of said stone; and said fellow servant Goings attached the other dog or metal hook to the south end of said stone; that when the power of the traveler was applied to raise said stone, and when the same was raised, it was plaintiff's duty, on account of the negligent failure of defendant to saw said stone entirely through, to strike the lower edge of said stone with a hammer to break it loose from the slab to which it was thus attached, and he was thus required to be near said stone to perform said duty, and plaintiff avers that when said stone had been raised by the traveler about two feet, he struck the same in a proper manner at the lower edge, to break the same loose from the one to which it was attached at the bottom as aforesaid, and while so doing, on account of the negligence of said defendant aforesaid, and on account of the negligence of his fellow servant aforesaid, and the defective and dangerous and insufficient dog hole aforesaid, said metal hook or dog instantly pulled out of said dog hole so made by said fellow servant in the south end of said stone, and thereupon said large slab of stone immediately fell from said dogs, and upon and against the plaintiff's right leg, and thereby both bones in said leg were broken and crushed between the knee and ankle, and plaintiff was thereby crippled and disabled for life."

No point or proposition is stated in appellant's brief in regard to the alleged insufficiency of
1.   the complaint, and the error, if any, in overruling the demurrer to the complaint is thereby waived.

Under points and authorities appellant has stated four general, abstract propositions under the topic of error in overruling its motion for judgment on the answers of the jury to the interrogatories, but no facts or answers whatever are pointed out which tend to contradict the general verdict. It is stated that: "The answers to certain of the interrogatories contradict the general verdict," but such answers, if any there be, are not pointed out. Again it is stated that: "The answers to the interrogatories  *  *  * on the question of contributory negligence are such as to preclude a recovery, and hence the court below should have so adjudged, notwithstanding the fact that the answers to some of the interrogatories were favorable to appellee."

No facts found by the jury in answers to the interrogatories are pointed out to sustain these general conclusions of the writer of appellant's briefs, and appellee earnestly contends that the briefs do not comply with the rules of the court, and that no question is duly presented as to the overruling of the motion for judgment on the answers to the interrogatories. In support of this contention appellee cites the following cases: *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases therein cited; *Bray* v. *Tardy* (1914), 182 Ind. 98, 99, 105 N. E. 772.

It may be that a strict construction of appellant's briefs would compel us to hold that the error, if any, in overruling the motion for judgment on the an-

swers to the interrogatories is waived. However, appellee has set out in his brief certain answers to interrogatories not shown in appellant's briefs. Considering the briefs together, as we may do, it appears that the proposition relied on by appellant is that the answers conclusively show that appellee was guilty of negligence which contributed to his own injury.

We have examined the interrogatories and the answers, the substance of which are not fully set out in the briefs. They are not in irreconcilable conflict with the general verdict, but many of them are in harmony with and sustain it. Viewing the complaint as drawn on the theory of a cause of action based on the negligence of a fellow servant of appellee, and the defense of contributory negligence as available to appellant, the answers do not conclusively establish contributory negligence, but tend strongly to show freedom from contributory negligence.

They show that appellee was doing the work he was employed to do in the usual and customary way of performing the same in that quarry; that he was subject to the orders of the superintendent who was present just before and at the time of the accident which caused appellee's injury; that at the time of the injury appellee was performing his usual work in obedience to the direction of his foreman; that appellee and his fellow-workmen were engaged in moving a sawed slab of stone; that it was suspended about three feet by a traveler and found not to be completely separated from all of the other stone by the sawing but "burrs" or parts projected from the bottom of the slab; that to separate the same appellee struck the north end with a hammer, and then stepped up by the south end, and it fell because the dog hole

in the south end pulled out; that the striking did not cause "the dog" fastened to the south end of the block to gradually work out of the dog hole, and the same did not pull out because the slab was struck with the hammer; that the striking with the hammer only slightly jarred the suspended slab; that appellee did not know, and could not have ascertained by looking, that the dog hole in the south end of the slab was giving way prior to the time he "stepped up" by the south end of the slab.

We have considered all the interrogatories, and without setting out more of the answers hold that under the well-established rules applicable to such motions the trial court did not err in overruling the motion for judgment on the answers to the interrogatories. *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 205, 110 N. E. 684; *Standard Steel Car Co.* v. *Martinecz* (1918), 66 Ind. App. 672, 113 N. E. 244, 248, 114 N. E. 94; *S. W. Little Coal Co.* v. *O'Brien* (1917), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96; *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 118 N. E. 921, 119 N. E. 485.

Under its motion for a new trial appellant complains of the refusal of the court to give instruction No. 12 tendered by it "on the question of contributory negligence."

The instruction deals with the subject of open and obvious dangers which the servant negligently fails to observe and as a result of which he is injured. This case is founded on the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914. The act eliminates the defense of dangers or hazards inherent or apparent in the employment, and abrogates the

assumed-risk rule as to the particular risk of a fellow servant. So far as the element of contributory negligence of appellee was involved, the jury was fully and properly instructed on the subject by other instructions. The court therefore did not err in refusing to give instruction No. 12. *Nordyke & Marmon Co.* v. *Hilborg, supra,* 202; *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 588, 110 N. E. 680.

We have examined the instructions given and those tendered and refused, and find no error prejudicial to appellant in the giving or refusal of instructions.

Appellant also urges that appellee is conclusively shown to have been guilty of contributory negligence in voluntarily choosing a hazardous way of doing his work when another and a safer way was open to him.

There is ample evidence tending to prove that appellee was doing his work in the usual and customary way that such work had been done in that quarry for many months prior to his injury, 4. and that he was at the time obeying an order of his superintendent, who was at the time present, saw and knew how the work was being done, made no objection thereto, and gave no warning to appellee of danger because of the way he was doing his work. Furthermore, in answer to an interrogatory the jury found that, though the work appellee was doing when injured could have been done in the manner suggested by appellant at the trial, such way was not the customary way of doing that kind of work in that quarry, and was not a safe way of performing the same.

Other questions of a kindred nature to those above considered are suggested in appellant's briefs, by general propositions, which are not specifically applied to any particular question or error urged as

cause for reversal.  The questions so suggested have been decided adversely to appellant's contentions in cases arising under the statute, *supra,* and no good purpose would be subserved by further discussion of them in this. opinion.

Considering the issues involved and the law applicable to. the case, it seems to have been fairly tried, and, so far as the record discloses, a correct result was reached.  No error prejudicial to any substantial right of appellant has been duly pointed out, and no cause for reversal of the judgment is shown.  §700 Burns 1914, §658 R. S. 1881; *Vandalia R. Co.* v. *Stevens* (1918), 67 Ind. App. 238, 114 N. E. 1001, 1008; *Timmons* v. *Gochenour* (1918), 69 Ind. App. 295, 117 N. E. 279, 282; *City of Decatur v. Eady* (1917), 186 Ind. 205, 115 N. E. 577, 580, L. R. A. 1917E 242.

There is evidence tending to support the verdict. The court did not err in overruling the motion for a new trial.  Judgment affirmed.

Caldwell, C. J., Ibach, Dausman and Hottel, JJ., concur.

Batman, J., not participating.

· Note.—Reported in 119 N. E. 1005.